Cornelia CARTER et al., Plaintiffs,

v.

F. Ray MARSHALL, Secretary, Department of Labor, et al., Defendants.

Civ. A. No. 77–365.

United States District Court, District of Columbia.

Feb. 3, 1978.

Patricia J. Barry, Washington, D.C., for plaintiffs.

Jason D. Kogan, Asst. U.S. Atty., Civ. Div., Washington, D.C., for defendants.

## MEMORANDUM OPINION & ORDER

### FLANNERY, District Judge.

This matter comes before the court on defendants' motion to dismiss for, *inter alia,* lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Plaintiffs, employees of ·the United States Department of Labor, allege claims of discrimination because of their race, sex, and age under Title VII of the Civil Rights Act of 1964, the Equal Pay Act, and the Age Discrimination in Employment Act. The defendants include the Secretary and other officials of the Department of Labor.

■ The first ground for dismissal that the defendants assert is that this court lacks jurisdiction over this action because of insufficient service of process. A review of the file indicates that all of the defendants have been adequately served except defendant Deslongchamps who has never been served. The Attorney General was served with a copy of the complaint and the amended complaint and defendants Marshall and Zuck were adequately served. Thus, defendants' motion will be denied, except as to defendant Deslongchamps.

■ Defendants also move to dismiss all the claims brought under Title VII against individuals other than Secretary of Labor Marshall. *See* 42 U.S.C. § 2000e–16(c). Plaintiffs agree that only Marshall can be sued, in his official capacity, under Title VII and contend that they have not asserted any other claims against any other individuals under Title VII. Therefore, there is no dispute as to the Title VII claims asserted. The defendants also assert that the plaintiffs cannot recover exemplary, punitive, or actual damages in a Title VII case. Plaintiffs again agree with the defendants' assertions and state that they only seek backpay, retroactive promotion, attorneys' fees, and costs under Title VII. *See* 42 U.S.C. §§ 2000e–5(g), 2000e–5(k). Therefore, it is agreed that the plaintiffs cannot recover compensatory, punitive, or actual damages for their Title VII claims.

■ The defendants next move to dismiss all claims against all defendants under the Equal Pay Act. The defendants assert that the only proper defendant in an Equal Pay Act case is the employer and they contend that the employer is the United States as to these plaintiffs. *See* 29 U.S.C. § 216(b). The defendants make this assertion despite the language of the statute defining employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Thus, it appears that the Secretary and other officials of the Labor Department are appropriate defendants as to the Equal Pay Act claims and that the court can order appropriate relief against them in their official capacity. Also in reference to the Equal Pay Act claims, the parties now agree that plaintiff Carter has not asserted claims under the Act and that plaintiff Stephens did file her consent to become a party as to these claims pursuant to 29 U.S.C. § 216(b).

■■ The defendants also contend that the plaintiffs are not entitled to recover punitive, exemplary, or actual damages under the Equal Pay Act. 29 U.S.C. § 216(b) provides that an employer who has violated the Act shall be liable to the employee:

[I]n the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

In addition, 29 U.S.C. § 217 provides for injunctive relief where appropriate and § 216 provides for criminal penalties. Be-

cause the statute specifically outlines the type of relief available and also provides for liquidated damages, it appears that Congress intended the relief provided to be exclusive. *See Martinez v. Behring's Bearings Service, Inc.,* 363 F.Supp. 428, 429–30 (M.D.La.1973), *aff'd,* 501 F.2d 104 (5th Cir. 1974); *Lerwill v. Inflight Motion Pictures, Inc.,* 343 F.Supp. 1027, 1028–29 (N.D.Cal. 1972); *cf. Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697, 715–16, 65 S.Ct. 895, 89 L.Ed. 1296 (1945). Furthermore, the established rule is that absent express consent by Congress, "punitive damages cannot be recovered from the United States or its agencies." *Painter v. TVA,* 476 F.2d 943, 944 (5th Cir. 1973); *see Missouri Pacific R.R. v. Ault,* 256 U.S. 554, 563–64, 41 S.Ct. 593, 65 L.Ed. 1087 (1921); *Littleton v. Vitro Corp. of America,* 130 F.Supp. 774 776 (N.D.Ala. 1955). Therefore, plaintiffs are limited to the relief provided for by the Equal Pay Act for their claims under the Act and they cannot recover punitive, exemplary, or compensatory damages for their claims. Thus, the claims for punitive, exemplary, and compensatory damages under the Equal Pay Act will be dismissed.

◼ Next the defendants move to dismiss all claims against all defendants brought under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* First the defendants assert that none of the defendants named are proper under the ADEA. Unlike Title VII, the proper defendant in an action brought under the ADEA is not specified in the statute as to government employees. Logically, the proper defendant would appear to be the plaintiff's employer. Absent an expansive definition of employer as in the Equal Pay Act, *supra,* plaintiff Stephens' employer is the Department of Labor or the United States. Neither the United States nor the Department of Labor is a party to this action. It does seem, however, that the court can provide relief under the Act against the Secretary in his official capacity by an appropriate order. As to the possibility of individual liability of the officials, as is casually mentioned by the plaintiff, serious issues of immunity are presented. *See*

*Barr v. Matteo,* 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1964); *Expeditions Unlimited Aquatic Enterprises, Inc. v. Smithsonian Institution,* 184 U.S.App.D.C. 397, 566 F.2d 289 (1977) (en banc).

◼ Defendants also move to dismiss Stephens' claims under the ADEA because she has failed to file with the court her consent to become a party to this action as to the ADEA claims. The right of federal employees to bring a civil action under the ADEA is granted by 29 U.S.C. § 633a(c). Section 633a(c) is enforced via § 626(b) which states:

> The provisions of this chapter shall be enforced in accordance with the powers, remedies and procedures provided in sections 211(b), 216 . . . and 217 . .

The relevant section in this case is 29 U.S.C. § 216(b) which states *inter alia,* that:

> No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which the action is brought.

The United States Court of Appeals for the Fifth Circuit has held that § 626(b) adopts the requirements of § 216(b). *LaChapelle v. Owens-Illinois, Inc.,* 513 F.2d 286, 289 (5th Cir. 1975). Thus, plaintiff Stephens has failed to meet the requirement that a plaintiff in a suit under the ADEA file her consent to become a plaintiff with the court. The court, however, will allow plaintiff Stephens five days within which to file her consent.

◼ The defendants also assert that plaintiff Stephens has failed to state a claim upon which relief can be granted under the ADEA. Although the complaint is, at times, less than precise, at paragraph 61 the complaint does assert that Stephen's failure to be promoted was due to her race, sex, and age. The rest of the complaint also gives the defendants adequate notice as to the basis for plaintiff Stephens' claims, although many of the specifics are indeed lacking. In any event, subsequent pleadings have further defined Stephens' age discrimination claims.

A question also has arisen concerning Stephens' compliance with the requirement of 29 U.S.C. § 633a(d) that notice of intent to sue under the ADEA be filed with the Civil Service Commission (CSC). Section 633a(d) states:

When the individual has not filed a complaint concerning age discrimination with the [Civil Service] Commission, no civil action may be commenced by any individual under this section until the individual has given the Commission not less than thirty days' notice of an intent to file such an action. Such notice shall be filed within one hundred and eighty days after the alleged unlawful practice occurred.

Plaintiff Stephens did not file a complaint with the Commission. She apparently filed notice of her intent to sue with the CSC on April 26, 1977. Plaintiff's filing of a discrimination complaint with the Department of Labor on January 6, 1977 did not satisfy the requirement of § 633a(d) that notice of an intent to sue be filed with the CSC. Thus, the requirement that the notice be filed within 180 days of the alleged unlawful practice serves to limit plaintiff's action to acts of age discrimination occurring after October 26, 1976, because the notice was filed on April 26, 1977. Plaintiff alleges that the act of discrimination in question occurred on December 6, 1976. This allegation was not contained in the amended complaint or the original complaint. The complaint did, however, give the defendants notice of plaintiff's age discrimination claims and the specifics of the claims have been revealed through subsequent pleadings. Furthermore, the plaintiff should not be punished for her attorney's omissions in this regard. Plaintiff's recent attempt to assert a pattern of discrimination so as to include events before October 26, 1976, that allegedly culminated in December of 1976, is wholly inadequate and not supported by the pleadings.

 Finally, with respect to Stephens' ADEA claims, defendants assert that she is not entitled to recover punitive, exemplary, or compensatory damages. The remedies available to a successful ADEA claim are outlined in 29 U.S.C. § 626(b):

Amounts owing to a person as a result of a violation of this chapter shall be deemed to be unpaid minimum wages or unpaid overtime compensation for purposes of sections 216 . . . of this title: *Provided*, that liquidated damages shall be payable only in cases of willful violation of this chapter. In any action brought to enforce this chapter the court shall have jurisdiction to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter, including without limitation judgments compelling employment, reinstatement or promotion, or enforcing the liability for amounts deemed to be unpaid minimum wages or unpaid overtime compensation under this section.

The courts are split as to whether compensatory and punitive damages are recoverable under the ADEA. *Compare Dean v. American Security Insurance Co.*, 559 F.2d 1036, 1037–40 (5th Cir. 1977) (not recoverable) *and Rogers v. Exxon Research & Engineering Co.*, 550 F.2d 834, 839–42 (3rd Cir. 1977) (same) *with Coates v. National Cash Register Co.*, 433 F.Supp. 655, 15 Empl.Prac. Dec. (CCH) ¶ 7830 (W.D.Va.1977) (recoverable) *and Bertrand v. Orkin Exterminating Co.*, 432 F.Supp. 952, 14 Empl.Prac.Dec. (CCH) ¶ 7684, at 5342–44 (N.D.Ill.1977) (same). The weight of the authority, however, holds that such damages are not recoverable. *See, e. g., Dean, supra; Rogers, supra; Looney v. Commercial Union Assurance Cos.*, 428 F.Supp. 533, 536 (E.D.Mich. 1977); *Platt v. Burroughs Corp.*, 424 F.Supp. 1329, 1336–38 (E.D.Pa.1976); *Sant v. Mack Trucks, Inc.*, 424 F.Supp. 621, 622 (N.D.Cal.1976). Therefore, the court will hold that exemplary, punitive, and compensatory damages are not recoverable under the ADEA and thus, plaintiff Stephens' claims for such damages will be dismissed.

[11, 12] Finally, the defendants move to dismiss plaintiff Carter's claims under the First and Fifth Amendments to the Constitution. Only plaintiff Carter has asserted constitutional claims and her claims are based on alleged acts of retaliation by defendant Pugh in response to her assertions

of discrimination. Title VII provides full and adequate relief for such conduct and that remedy is exclusive. 42 U.S.C. § 2000e–3(a); *Brown v. GSA*, 425 U.S. 820, 825, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976); *Richardson v. Wiley*, 186 U.S.App.D.C. 309, at 310–311, 569 F.2d 140 at 141–142 (1977); *Pace v. Mathews*, 15 Fair Empl.Prac.Cases (BNA) 703, 704 (D.D.C.1976). The alleged acts of retaliation occurred within the context of plaintiff's employment and consisted of acts by a Department of Labor official. This case is unlike *Harney v. Secretary of HEW*, No. 76–812–A (E.D.Va. August 13, 1977), where the First and Fifth Amendment claims were not covered by Title VII. In this case, plaintiff Carter's claims of reprisal can be pursued under Title VII and therefore, her First and Fifth Amendment claims will be dismissed.

Therefore, in accordance with the memorandum opinion above, it is by the court, this 3rd day of February, 1978,

ORDERED that defendants' motion to dismiss for lack of jurisdiction be, and the same hereby is, granted only as to defendant Deslongchamps and the complaint is dismissed as to defendant Deslongchamps; and it is further

ORDERED that defendants' motion to dismiss plaintiffs' claims for exemplary, punitive, and compensatory damages under the Equal Pay Act be, and the same hereby is, granted and plaintiffs' claims for exemplary, punitive, and compensatory damages under the Equal Pay Act are dismissed; and it is further

ORDERED that defendants' motion to dismiss plaintiffs' other claims under the Equal Pay Act be, and the same hereby is, denied; and it is further

ORDERED that defendants' motion to dismiss plaintiff Stephens' claims under the Age Discrimination in Employment Act (ADEA) be, and the same hereby is, denied, *provided* that plaintiff Stephens file her consent to become a plaintiff to this action under the ADEA with this court within five days of this Order; and it is further

ORDERED that plaintiff Stephens' claims under the ADEA shall be limited to claims for relief for events occurring between October 26, 1976 and April 26, 1977; and it is further

ORDERED that defendants' motion to dismiss plaintiff Stephens' claims for exemplary, punitive, and compensatory damages under the ADEA be, and the same hereby is, granted and plaintiff Stephens' claims for exemplary, punitive, and compensatory damages are dismissed; and it is further

ORDERED that defendants' motion to dismiss plaintiff Carter's claims under the First and Fifth Amendments be, and the same hereby is, granted and plaintiff Carter's claims under the First and Fifth Amendments are dismissed; and it is further

ORDERED that defendants shall file any opposition they may have to plaintiffs' motion for a jury trial no later than 20 days from the date of this Order and plaintiffs shall file their reply to the opposition within 10 days of the date on which the opposition is filed.