Dwight E. BECHTEL, Plaintiff,

v.

UNITED STATES OFFICE OF PERSON-
NEL MANAGEMENT, SOUTHEAST
REGION and Ellie Goodwin, Defend-
ants.

Civ. A. No. C82–1222A.

United States District Court,
N.D. Georgia,
Atlanta Division.

Sept. 15, 1982.

Dwight E. Bechtel, pro se.

Howard G. Weintraub, Asst. U. S. Atty.,
Atlanta, Ga., for defendants.

ORDER

ROBERT H. HALL, District Judge.

The present lawsuit concerns plaintiff's allegation that he has been the alleged victim of age discrimination by his former employer, The United States Office of Personnel Management, Southeast Region. As jurisdictional bases for his complaint, plaintiff contends that his cause of action is brought under the Age Discrimination In Employment Act (ADEA), Title 29, United States Code, Section 633a, and under Title 5, United States Code, Section 7703.

The caption of the instant complaint and the complaint's paragraph number two name as the defendants in this case the United States Office of Personnel Management (OPM), Southeast Region, and Ms. Ellie Goodwin. It is unclear from a reading of this complaint whether plaintiff is attempting to bring suit against Ms. Goodwin in her official capacity as Chief, Work Force Effectiveness and Development Division for the United States Office of Personnel Management, Southeast Region, or in her individual capacity.[1]

On August 19, 1982, defendant Ellie Goodwin, in both her official and individual

---

1. As noted in the complaint and in the Merit Systems Protection Board Opinion and Order

that is attached to the complaint, plaintiff is

capacities, filed a motion to dismiss the complaint as it is brought against her. This motion was brought pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. According to the certificate of service for said motion to dismiss, a copy of the motion was served by certified mail upon the plaintiff on August 19, 1982. As of the date of this Order, the plaintiff has not filed a response to Ms. Goodwin's motion.

HAVING READ AND CONSIDERED defendant Goodwin's motion to dismiss, the Court concludes that the suit against defendant Ellie Goodwin, in either her official capacity as Chief, Work Force Effectiveness and Development Division for the United States Office of Personnel Management, Southeast Region, or in her individual capacity, fails to state a claim upon which relief can be granted. Plaintiff's lawsuit against defendant Goodwin is, therefore, properly subject to dismissal by this Court pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.

In support of this Court's dismissal of the complaint, as it is brought against defendant Goodwin, the Court makes the following findings:

■ 1. Plaintiff is appealing from a final decision rendered by the Merit Systems Protection Board. Paragraph number three of the complaint states that jurisdiction for this action is conferred by Title 5, United States Code, Section 7703. Section 7703, which provides for the judicial review of decisions of the Merit Systems Protection Board, states in pertinent part (emphasis added):

> claiming that his reassignment from OPM's Atlanta Regional Office was predicated on age discrimination. In this regard, defendant Goodwin was plaintiff's division chief at the time of his reassignment.

2. There is no dispute that plaintiff is seeking review of a final decision issued under Title 5, United States Code, Section 7701.
Instances of judicial review of final Board orders or decisions *not* arising under Section 7701 would be cases involving prohibited personnel practices set forth in Title 5, United States Code, Section 1206. See also Section 1207(c) of Title 5, United States Code.

(a)(1) Any employee or applicant for employment adversely affected or aggrieved by a final order or decision of the Merit Systems Protection Board may obtain judicial review of the order or decision. (2) The Board shall be the named respondent in any proceeding brought pursuant to this subsection, unless the employee or applicant for employment seeks review of a final order or decision issued by the Board under section 7701. *In review of a final order or decision issued under section 7701, the agency responsible for taking the action appealed to the Board shall be the named respondent.*[2]

The above-quoted language, therefore, clearly indicates that the only proper party defendant in this alleged discrimination suit (based upon the statutory relief chosen by the plaintiff), is the United States Office of Personnel Management, Southeast Region. Section 7703 makes no provision for a cause of action to be brought against Ms. Goodwin, in either her official or individual capacities.

■ 2. In seeking judicial review of the Board's decision that denied him relief in an alleged age discrimination case, Section 7703(b)(2) of Title 5, United States Code, further provides that plaintiff shall file his lawsuit "under * * * section 15(c) of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 633a(c))".[3] Unlike Title VII of the Civil Rights Act of 1964, as amended, which specifically provides that the only proper defendant in an action brought by a federal employee against his employer for alleged race or sex discrimination is the head of the agency employing the plaintiff,[4]

3. Indeed, paragraph number three of the complaint states that this action is brought pursuant to the Age Discrimination in Employment Act of 1967 and Section 7703 of Title 5, United States Code.

4. Title 42, United States Code, Section 2000e–16(c). E.g., *Newbold v. United States Postal Service,* 614 F.2d 46, 47 (5th Cir. 1980); *Lang v. Schweiker,* 26 FEP Cases 1413, 1415 (N.D.Ga. 1981) (Vining, J.); *Morton v. Harris,* 86 FRD 437, 438–39 (N.D.Ga.1980) (Hall, J.), aff'd., 628 F.2d 438 (5th Cir. 1980), cert. denied, 450 U.S. 1044, 101 S.Ct. 1766, 68 L.Ed.2d 243 (1981); *Keeler v. Hills,* 408 F.Supp. 386, 387 (N.D.Ga.

the Age Discrimination In Employment Act (ADEA) does not specify who the proper defendant is in an action brought under that statute.

Nevertheless, this Court concludes that guidance on the resolution of this issue should be derived from Title VII's explicit pronouncement on the identity of the proper defendant in an alleged discrimination case brought under Title VII. "Because Title VII shares with ADEA a common purpose, i.e., elimination of discrimination in the workplace [and] because the statutory schemes are similar * * * both [the Fifth Circuit Court of Appeals] and the Supreme Court have considered cases arising under one statute to have value as precedent for cases arising under the other." *Coke v. General Adjustment Bureau, Inc.*, 640 F.2d 584, 587 (5th Cir. 1981) (*en banc*). Accord, e.g., *Oscar Mayer and Company, et al. v. Evans*, 441 U.S. 750, 756–58, 99 S.Ct. 2066, 2071–72, 60 L.Ed.2d 609 (1979); *Purtill v. Harris*, 658 F.2d 134, 137 (3rd Cir. 1981), *certiorari pending*; *Schulz v. Hickok Manufacturing Company, Inc.*, 358 F.Supp. 1208, 1212 n.2 (N.D.Ga.1973) (Freeman, J.) ("[b]ecause of the similarities between the Age Discrimination in Employment Act and Title VII of the Civil Rights Act of 1964 * * analogies to Title VII cases are often helpful in age discrimination cases.")

Under the analogy to Title VII, it is, therefore, also clear that Ms. Goodwin is not a proper party to this lawsuit because she is not the head of the agency that took the personnel action affecting the plaintiff.

■ 3. Furthermore, at least one other court has determined that the proper defendant in an alleged age discrimination case under ADEA is the agency that took the personnel action against the plaintiff or the United States itself. *Nelson v. Williams*, 25 FEP Cases 1214, 1216 (D.C.D.C. 1981); *Carter v. Marshall*, 457 F.Supp. 38, 41 (D.C.D.C.1978). In this regard, the court

in *Marshall* concluded that "[l]ogically, the proper defendant would appear to be the plaintiff's employer. Absent an expansive definition of employer as in the Equal Pay Act * * *, [plaintiff's] employer is the [agency for whom the plaintiff works] or the United States." The *Marshall* court further noted that the naming of agency officials as defendants in an ADEA case presented "serious issues of immunity" as to "the possibility of individual liability of the officials." *Carter v. Marshall, supra,* 457 F.Supp. at 41.

This Court follows the reasoning of *Marshall* and *Williams*[5] in its dismissal of the instant complaint, as it is brought against defendant Goodwin.

■ 4. Finally, under *Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978) and *Harlow v. Fitzgerald,* —— U.S. ——, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), it is clear that defendant Ellie Goodwin has absolute immunity from a common law tort action brought against her for conduct she undertook within the scope of her official duties with the United States Office of Personnel Management. See also, *Bush v. Lucas,* 647 F.2d 573 (5th Cir. 1981), *cert. granted,* —— U.S. ——, 102 S.Ct. 3481, 73 L.Ed.2d 1365; *Evans v. Wright,* 582 F.2d 20 (5th Cir. 1978).

5. Granting defendant's motion for dismissal will not result in an outright dismissal of plaintiff's lawsuit because plaintiff has properly named the United States Office of Personnel Management, Southeast Region, as a defendant in this case.

For the foregoing reasons, IT IS HEREBY ORDERED that defendant Goodwin's motion to dismiss the instant complaint, as it is brought against Ellie Goodwin, in either her official capacity as Chief, Work Force Effectiveness and Development Division for the United States Office of Personnel Management, Southeast Region, or in her individual capacity, be granted pursu-

---

1975) (Moye, J.); *Jones v. Brennan,* 401 F.Supp. 622, 627 (N.D.Ga.1975) (Moye, J.).

**5.** It appears that the issue of who is the properly named defendant in an ADEA lawsuit is one

of first impression before this Court. Except for these two district court opinions, the Court has been unable to find any other decisions on this issue.

ant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.