**Mildred M. GILLISPIE, Plaintiff,**

v.

**J. Lynn HELMS, et al., Defendants.**

**No. 82-0858-CV-W-4.**

United States District Court,
W.D. Missouri, W.D.

March 15, 1983.

Fred W. Phelps, Jr., Topeka, Kan., for plaintiff.

E. Eugene Harrison, Asst. U.S. Atty., Kansas City, Mo., for defendants.

## ORDER

RUSSELL G. CLARK, Chief Judge.

Defendant Jerry N. George has renewed his motion to be dismissed as a party defendant to plaintiff's age discrimination claim. Defendant's counsel now cites *Bechtel v. U.S. Office of Personnel Management,* 549 F.Supp. 111 (N.D.Ga.1982) to support his renewed motion. Upon consideration, the motion will be granted.

While plaintiff's complaint encompasses allegations of discrimination pursuant to Title VII (42 U.S.C. § 2000e *et seq.*) and 42 U.S.C. § 1981 as well as the Age Discrimination in Employment Act (ADEA), only the age discrimination aspect will be addressed at this time.

Plaintiff, a federal employee, named as defendants both J. Lynn Helms, Director of the Federal Aviation Administration and plaintiff's supervisor, Jerry N. George. Regrettably the provisions of § 15 of the ADEA, 29 U.S.C. § 633a (1976 and Supp. IV 1980), which pertain to age discrimination in federal employment, do not specify who to name as defendant. Further, there appears to be a dearth of pertinent case law and the issue is one of first impression for this Court.

Subsection (e) of § 633a does impose a duty upon governmental agencies and officials to assure nondiscrimination on account of age and, in subsection (d), the statute provides that the Commission shall notify "all persons named ... as prospective defendants" in plaintiff's discrimination complaint. 29 U.S.C. § 633a(d) and (e). The Court finds these references in the plural, however, too nonspecific to conclude that a private individual as well as the head of the alleged offending agency is liable under the Act. Therefore, the Court will look beyond the statute for guidance.

Apparently, plaintiff's counsel urges the Court to adopt the definition of employer contained in § 630(b) of the ADEA, which applies to the private sector. Under that definition, "employer" includes "any agent of such person," which, if applied here, would make George a properly named defendant. 29 U.S.C. § 630(b)(1). This approach could raise "serious issues of immunity" as to George's individual liability. *Carter v. Marshall,* 457 F.Supp. 38, 41 (D.D.C.1978). For a variety of reasons, however, the Court rejects this argument.

The ADEA was passed in 1967 to protect older workers from discrimination on the

basis of age and was substantially similar to Title VII. *Oscar Mayer & Company v. Evans,* 441 U.S. 750, 755–756, 99 S.Ct. 2066, 2071, 60 L.Ed.2d 609 (1979); *Lorillard v. Pons,* 434 U.S. 575, 577, 584, 98 S.Ct. 866, 868, 872, 55 L.Ed.2d 40 (1975). As originally passed, the Act applied only to employees in the private sector, but was amended in 1974 to include state, local and federal employees. It is interesting to note that coverage was extended to state and local employees by amending the language and the definitions of the private sector ADEA. 29 U.S.C. § 630(b) and (c). An entirely separate section, however, was added to cover federal employees. 29 U.S.C. § 633a. *EEOC v. Wyoming,* —— U.S. ——, —— n. 5, 103 S.Ct. 1054, 1059 n. 5, 75 L.Ed.2d 18 (1983).

■ Congressional intent to treat federal employees uniquely is further evidenced by the 1978 amendments which added, *inter alia,* subsection (f) to § 633a:

> Any personnel action of any department, agency, or other entity referred to in subsection (a) of this section shall not be subject to, or affected by, any provision of this chapter, other than the provisions of section 631(b) of this title and the provisions of this section.

29 U.S.C. § 633a(f) (Supp. IV 1980). It is clear from this subsection that Congress intended to completely separate protection for federal employees from the rest of the private ADEA provisions. *Kennedy v. Whitehurst,* 690 F.2d 951, 956 (D.C.Cir. 1982).

Instead, Congress looked to the federal employee sections of Title VII as a pattern. Senator Bentsen, principal sponsor of § 15 of the ADEA declared that "[t]he measures used to protect Federal employees [from age discrimination] would be substantially similar to those incorporated" in the provisions of Title VII applicable to federal employees. *Lehman v. Nakshian,* 453 U.S. 156, 166 n. 15, 101 S.Ct. 2698, 2705 n. 15, 69 L.Ed.2d 548 (1981), *citing* 118 Cong.Rec. 24397 (1972). The Supreme Court in *Nakshian* also observed that Congress rejected the enforcement scheme of the Fair Labor Standards Act (FLSA) which applies to public sector ADEA claims and instead chose federal employee Title VII provisions 42 U.S.C. §§ 2000e–16(a) and (b) as a pattern for § 15. *Id.* at 163–164, 101 S.Ct. at 2703. Recognizing the similarity of purpose of the ADEA and Title VII, the Supreme Court has further instructed that when the source of one section of the ADEA can be traced to a complimentary section in Title VII, the two should be construed consistently. *Oscar Mayer & Company,* 441 U.S. at 756, 99 S.Ct. at 2071.

■ Defendant George urges the Court to apply to this case § 2000e–16(c) of the federal employee Title VII provisions, which clearly states the defendant shall be the head of the department, agency or unit. 42 U.S.C. § 2000e–16(c) (1981). Defendant argues that because the purpose of Title VII is fulfilled by just naming the agency head, then surely the purpose of ADEA will be fulfilled by naming a like defendant. The Court agrees.

Title VII shares with ADEA a common purpose, the elimination of discrimination in the work place. *EEOC v. Wyoming,* —— U.S. at ——––——, 103 S.Ct. at 1056–1059; *Oscar Mayer & Company,* 441 U.S. at 756, 99 S.Ct. at 2071, S.Rep. No. 93–690, 93rd Cong., 2d Sess. 251–252, *reprinted in* 1974 U.S.Code Cong. & Ad.News 2811, 2849–2850. And, as noted above, there is a similar statutory scheme. Because of these factors, many courts have found Title VII cases of precedential value when construing the ADEA. *Bechtel v. U.S. Office of Personnel Management,* 549 F.Supp. 111, 113 (N.D.Ga.1982) and cases cited therein. Indeed, all the cases cited by plaintiff look to Title VII to construe the public sector provisions of the ADEA. *Barkley v. Carraux,* 533 F.Supp. 242, 245 (S.D.Tx.1982; *Goodman v. Board of Trustees of Community College District 524,* 498 F.Supp. 1329, 1336 (N.D.Ill.1980); *Marshall v. Arlene Knitwear, Inc.,* 454 F.Supp. 715, 720 n. 1 (E.D.N.Y.1978).

The Court therefore finds it appropriate to correlate § 717 of the Civil Rights Act of 1964 (42 U.S.C. § 2000e–16), to § 15 of the

ADEA (29 U.S.C. § 633a). Application of the employer definition from § 2000e–16(c) to this case mandates the dismissal of defendant George. This will not result in a dismissal of plaintiff's entire ADEA claim, however, because she properly included J. Lynn Helms, Director of the Federal Aviation Administration, as a defendant. If it becomes appropriate, the Court may, pursuant to Fed.R.Civ.P. 21, add or drop other parties to this litigation.

Accordingly, it is hereby

ORDERED that defendant George's renewed motion to dismiss him as a defendant to plaintiff's ADEA claim is granted.