**John M. HEALY, Plaintiff,**

v.

**UNITED STATES POSTAL SERVICE, Ralph R. Franzese and J.W. Roberts, individually and in their official capacities, Defendants.**

**No. CV–86–2640.**

United States District Court, E.D. New York.

Aug. 19, 1987.

---

Steiner & Masonson, New York City, for plaintiff.

Andrew Maloney, U.S. Atty., Charles Knapp, Asst. U.S. Atty., of counsel, for defendants.

## MEMORANDUM OF DECISION AND ORDER

COSTANTINO, District Judge.

Defendants United States Postal Service, Ralph R. Franzese and J.W. Roberts move this court to dismiss the plaintiff's complaint pursuant to Fed.R.Civ.P. 12(c), or in the alternative, for summary judgment pursuant to Rule 56(b). Plaintiff has cross-moved this court to amend his complaint pursuant to Fed.R.Civ.P. 15(c).

### FACTS

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16, and the Age Discrimination in Employment Act of 1967 (hereinafter "ADEA"), 29 U.S.C. § 633a, alleging that he was wrongfully denied consideration for promotion on the basis of his race and age. Plaintiff, John M. Healy, has been an employee of the Postal Service and its predecessor, the United States Post Office for approximately thirty-one years. In November 1984, Mr. Fazekas, who was then the General Supervisor of Mails was sent from the Flushing, New York facility to investigate mail processing problems which were occurring at the Main Postal Facility in Jamaica. The plaintiff was and is manager of plant maintenance at the Jamaica Plant. As a result of a report issued by Mr. Fazekas, a meeting was held to discuss mail processing problems at the Jamaica Post Office. At this meeting the plaintiff informed defendant Ralph Franzese and others that the cause of certain machine malfunctions was due to employees throwing refuse into the machines. At subsequent meetings held for similar reasons, the plaintiff reported that machine jamming at the facility was being caused by improper operation by employees. As a result of his participation in these meetings, the plaintiff was given authority over the operation of these machines. The plaintiff continued to report safety and procedure violations to his superiors as well as other plant managers.

In or about December of 1985, the position of Manager of Mail Processing became available at the Jamaica Plant. The plaintiff applied for the position but was turned down. On March 4, 1986, the plaintiff brought a complaint before the Equal Employment Opportunity Commission (EEOC), alleging that he had wrongfully been denied consideration for promotion based on his race and age. Specifically, the plaintiff alleged that the defendants acted to "insure that the position of manager of Mail Processing would be awarded to a block [sic] male."

The Postal Service, in a final order dated May 20, 1985 and received by the plaintiff on July 8, 1986, closed the plaintiff's case with a finding of no discrimination. The plaintiff commenced this action on August 7, 1986 and served copies of the summons and complaint on the United States Attorney for the Eastern District of New York and the Attorney General of the United States on October 7, 1986. The plaintiff did not serve, nor has he served the Postmaster General of the United States or any of his authorized agents.

### DISCUSSION

For the purposes of a Fed.R.Civ.P. 12(b)(6) motion, the facts as alleged by the plaintiff's complaint are taken as true. *George C. Frey Ready–Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp.*, 554 F.2d 551, 554 (2nd Cir.1977). The com-

plaint should not be dismissed unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). However, even when viewed in the most favorable light, the plaintiff's complaint fails to state a claim.

## PLAINTIFF'S TITLE VII CLAIM

■ Title VII provides federal employees with a cause of action against the United States Government or one of its agencies for any alleged discrimination based on race, color, religion, sex, or national origin. In commencing a civil action against a department of the United States, the "head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C. § 2000e–16(c) (1976). To withstand a motion to dismiss a complaint under Title VII, the party bringing the action must name the head of the agency or department as this is the only proper party defendant in a Title VII action. *Lofton v. Heckler,* 781 F.2d 1390, 1392 (9th Cir.1986); *Hall v. Small Business Administration,* 695 F.2d 175, 180 (5th Cir.1983); *Newbold v. United States Postal Service,* 614 F.2d 46, 47 (5th Cir.) (per curiam) *cert. denied,* 449 U.S. 878, 101 S.Ct. 225, 66 L.Ed.2d 101 (1980); *Canino v. Equal Employment Opportunity Commission,* 707 F.2d 468, 472 (11th Cir.1983).

■ In actions against the Postal Service by an aggrieved employee claiming discrimination under Title VII, a motion to dismiss will be proper where the plaintiff has failed to name the head of the United States Postal Service, that is, the Postmaster General of the United States. *Cooper v. United States Postal Service,* 740 F.2d 714, 716 (9th Cir.1984) *cert. denied,* 471 U.S. 1022, 105 S.Ct. 2034, 85 L.Ed.2d 316 (1985); *Hymen v. Merit Systems Protection Bd.,* 799 F.2d 1421, 1422 (9th Cir.1986); *McGuinness v. United States Postal Service,* 744 F.2d 1318, 1322 (7th Cir.1984); *Stewart v. United States Postal Service,* 649 F.Supp. 1531, 1535–1536 (S.D.N.Y.1986).

In this action, the plaintiff named the United States Postal Service, Ralph Franzese, the Postmaster of the Jamaica Main Office, and J.W. Roberts, the manager of Mail Processing, as defendants. The plaintiff has not named Preston R. Tisch, the Postmaster General. Since the plaintiff has not complied with the pleading requirements set forth in 42 U.S.C. § 2000e–16(c), his Title VII claim must be dismissed. Furthermore, since the Postmaster General is the only proper defendant the complaint must be dismissed against the United States Postal Service. *Cooper v. United States Postal Service,* 740 F.2d at 716. The plaintiff's complaint is also dismissed against the defendants Ralph Franzese and J.W. Roberts.

In view of Healy's conceded failure to file a complaint against the Postmaster General within the statutory period, his claim must be barred unless his attempt to substitute the Postmaster General as a defendant relates back to the date his original complaint was filed. Rule 15(c), which governs the relation back of amendments to pleadings states:

> Whenever a claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Prior to 1986, some circuits had construed Rule 15(c) to include a reasonable time after the lapse of a limitations period for the service of process. *See Ingram v. Kumar,* 585 F.2d 566, 572 (2nd Cir.1978); *Kirk v. Cronvich,* 629 F.2d 404, 408 (5th

Cir.1980). The Supreme Court's literalist interpretation of Rule 15(c) in *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986) seems to foreclose this result. *Schiavone v. Fortune*, 106 S.Ct. 2379 at 2385 (1986).

■ Given the Supreme Court's holding in *Schiavone*, an amendment which seeks to name the proper federal defendant will not relate back to the original complaint unless the notice requirement of Rule 15(c) is met. *Stewart v. United States*, 655 F.2d 741, 742 (7th Cir.1981); *Lofton v. Heckler*, 781 F.2d 1390 (9th Cir.1986); *Hughes v. U.S.A.*, 701 F.2d 56, 58–59 (7th Cir.1982).

■ In the present case, the plaintiff received the Postal Service's final decision on his administrative claim on July 8, 1986. However, 42 U.S.C. § 2000e–16(c) allows a claimant only thirty days in which to appeal a final decision by an administrative agency. The plaintiff's failure to name and serve the Postmaster General as the proper party defendant prior to or on August 7, 1986 is fatal to his Title VII claim.

Furthermore, the plaintiff's attempts to serve the United States Attorney for the Eastern District, the United States Attorney General and the Postmaster of the Jamaica Postal Service, even if served within the 30 day period, which did not occur in this case, will not act as substitute service on the Postmaster General. *See* 39 C.F.R. § 2.2, nor are they proper parties in a Title VII claim against the post office. *Cooper*, 740 F.2d at 716. Plaintiff argues that the Postmaster General "was on notice that a suit was pending." This court cannot agree. In *Cooper v. U.S. Postal Service*, 740 F.2d 714 (9th Cir.1984), the court rejected the argument that the Postmaster General had notice of the action because of a prior administrative action. After *Schiavone*, this court must adhere to the literal interpretation of Rule 15(c)'s notice requirement. The Postmaster General must be given notice of the impending action within the thirty day statutory period. The plaintiff's failure to satisfy the notice requirement requires dismissal of his Title VII claim.

## PLAINTIFF'S ADEA CLAIM

Plaintiff also brings a claim under Section 15 of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 633a, alleging that he was denied consideration for the position of Manager of Mail Processing at the Jamaica Postal Facility because he is fifty-two years old.

The ADEA, unlike Title VII, does not specify the proper defendant to be served, nor does it state the limitations period within which a civil suit must be commenced after a final administrative decision. The purpose behind enacting the ADEA of 1967 was to eliminate from the workplace arbitrary age discrimination in employment. *See* 29 U.S.C. § 621. In 1974, Congress enacted Section 15 to bring federal agencies within the ambit of the ADEA. *See* 29 U.S.C. § 633a. Federal agencies may not arbitrarily discriminate based on an individual's age. Both the ADEA and Title VII share a common purpose, elimination of discrimination in the workplace. *E.E.O.C. v. Wyoming*, 460 U.S. 226, 229–233, 103 S.Ct. 1054, 1056–1058, 75 L.Ed.2d 18 (1983).

Section 15 of the ADEA, 29 U.S.C. § 633a, enacted in 1974 to prohibit age discrimination in federal employment, was patterned after § 717 of Title VII, 42 U.S.C. § 2000e–16. *See Lehman v. Nakshian*, 453 U.S. 156, 166–67 n. 15, 101 S.Ct. 2698, 2705 n. 15, 69 L.Ed.2d 548 (1981) "When a provision of the ADEA can be traced to a complimentary section of Title VII, the two should be construed consistently." *Romain v. Shear*, 799 F.2d 1416, 1418 (9th Cir.1986). *See also Oscar Mayer & Company v. Evans*, 441 U.S. 750, 756, 99 S.Ct. 2066, 2071, 60 L.Ed.2d 609 (1979).

While the Second Circuit has not specifically addressed the issue of a proper party defendant in an age discrimination action or the statute of limitations period for commencing an action in federal court, reference to Title VII of the Civil Rights Act of 1964 provides guidance. Courts that have considered whether a plaintiff must serve the head of an agency or department within thirty days after receiving notice of a federal agency's final determination, have held that the requirements set forth in Title

VII should be made applicable to ADEA claims as well. *Romain v. Shear*, 799 F.2d 1416, 1418 (9th Cir.1986); *Ellis v. U.S.P.S.*, 784 F.2d 835, 838 (7th Cir.1986); *Gillispie v. Helms*, 559 F.Supp. 40, 41 (W.D.Mo. 1983).

In *Ellis v. U.S.P.S.*, the seventh circuit held that the only proper party defendant to be served in an ADEA claim was the Postmaster General of the United States. 784 F.2d at 838. The Court was persuaded as is this court, by the reasoning set forth in *Gillispie v. Helms*, 559 F.Supp. 40 (W.D. Mo.1983). Both courts observed that Section 15 of the ADEA was patterned after a similar provision in Title VII. *Ellis v. U.S. P.S.*, 784 F.2d at 838; *Gillispie v. Helms*, 559 F.Supp. at 41. Section 15 of the ADEA should be construed consistently with similar provisions of Title VII, *Oscar Mayer & Company v. Evans*, 441 U.S. at 755–56, 99 S.Ct. at 2071, since the purposes and intent of the ADEA would not be frustrated by requiring the plaintiff to serve the Postmaster General as the only proper defendant. *Ellis v. U.S.P.S.*, 784 F.2d at 838.

■ Defendant United States Postal Service urges this court to apply the requirements of 42 U.S.C. § 2000e–16(c) to the plaintiff's ADEA claim. Both the ADEA and Title VII are similar acts intended to eliminate discrimination in the workplace. Since both acts should be construed consistently, this court holds that the only proper party defendant in a suit against the Postal Service under the ADEA is the Postmaster General of the United States.

The defendant further argues that the court should apply Title VII's thirty day limitations period to the plaintiff's ADEA claim. While the ADEA does not specify any limitations period within which a claimant must bring a suit after receipt of a final administrative decision, absent clear legislative direction, courts are often called upon to borrow statutes of limitations from analogous laws and apply them to laws which are otherwise silent. *See Wilson v. Garcia*, 471 U.S. 261, 275, 105 S.Ct. 1938, 1946, 85 L.Ed.2d 254 (1984) (Holding that the most analogous state statute of limitations would be applied for § 1983 claims);

*Cullen v. Margiotta*, 811 F.2d 698, 717–718 (2nd Cir.1987) (Holding that where the Racketeer Influenced and Corrupt Organizations Act ("RICO") contained no statute of limitations for civil actions an analogous state statute of limitations would be applied).

■ Most relevant to the question raised by the defendant is *Del Costello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). In *Del Costello* the Supreme Court held that a statutory limitations period of one federal law should be applied to another federal law which was silent on the time for bringing an action, where that federal law was more analogous in terms of federal policy and practicalities. *Id.* at 171–172, 103 S.Ct. at 2294. The defendant argues that applying the thirty day limitations period set forth in 42 U.S.C. § 2000e–16(c) to ADEA claims would foster national uniformity between two similar laws. This court finds defendant's reasoning persuasive. In terms of both "federal policy and practicalities," Title VII is clearly the most appropriate source of law applicable to the ADEA. Therefore, this court will look to Title VII for guidance since it is clearly the most analogous to the ADEA in terms of policy and its remedial purpose.

At least one court has held that the thirty-day limitations period set forth in Title VII, 42 U.S.C. § 2000e–16 should be applied to claims under the ADEA. In *Romain v. Shear*, 799 F.2d 1416 (9th Cir.1986), the court reasoned that Section 15 of the ADEA, 29 U.S.C. § 633a was so closely analogous to § 717 of Title VII, 42 U.S.C. § 2000e–16, that the two should be construed consistently. *Id.* at 1418. (*Citing Lehman v. Nakshian*, 453 U.S. at 166–67 n. 15, 101 S.Ct. at 2705 n. 15.) The court dismissed the plaintiff's ADEA claim since he failed to name the proper party defendant within the thirty day period. *Id.*

■ In the present case, the plaintiff failed to serve the Postmaster General of the United States prior to or on August 7, 1986. Since he had received the agency's final decision on his administrative claim on July 8, 1986, his failure to serve the proper

parties by August 7, bars his ADEA claim. Given his failure to name and serve the proper party within the thirty day period, he may not amend his complaint pursuant to Fed.R.Civ.P. 15(c). *See Schiavone v. Fortune,* 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986); *Romain v. Shear,* 799 F.2d at 1419; *Cooper v. U.S. Postal Service,* 740 F.2d 714 (9th Cir.1984). Accordingly, for the reasons stated above plaintiff's ADEA claim is dismissed.

### PLAINTIFF'S TORT CLAIM

Plaintiff also alleges that the actions of the U.S.P.S., Ralph Franzese and J.W. Roberts "constituted Prima Facie Tort against the plaintiff." It appears that plaintiff is asserting a claim against the government pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671.

It is well settled that the government may not be sued in its sovereign capacity, absent its express consent, for injuries arising from the negligence of its officers or agents even though committed in furtherance of their duties. The Federal Tort Claims Act is a waiver of that immunity, permitting the government to be sued in tort. 28 U.S.C. § 2674.

In order to bring an action under the FTCA the claimant must have filed an administrative claim with the appropriate agency pursuant to 28 U.S.C. § 2675(a). The plaintiff must allege presentation of the claim to the agency and final disposition of the claim by the agency in his pleadings. *Altman v. Connally,* 456 F.2d 1114, 1116 (2nd Cir.1972). The failure to comply with this jurisdictional prerequisite to a suit under FTCA bars the instant claim. *O'Rourke v. Eastern Air Lines, Inc.,* 730 F.2d 842, 855 (2nd Cir.1984); *Wyler v. United States,* 725 F.2d 156, 159 (2nd Cir.1983).

The plaintiff has only alleged that "all conditions precedent to jurisdiction pursuant to 42 U.S.C. § 2000(e)(5)(f)(3)" and "the ADEA" have been complied with. The pleadings do not indicate that any agency has received notice of the plaintiff's tort claim prior to the commencement of this action.

In addition to meeting the prerequisites set forth under the FTCA, the plaintiff must initially meet the liberal and minimal pleading requirements of Fed.R.Civ.P. 8(a) by setting forth "a short and plain statement of the claim showing that the pleader is entitled to relief...." A plaintiff may not rest on conclusory, vague, or general allegations in his pleadings. *See Zemsky v. City of New York, et al,* 821 F.2d 148, 151 (2nd Cir.1987).

The plaintiff's complaint merely states that "[d]efendants actions constituted Prima Facie tort against the plaintiff." The complaint fails to allege any facts to substantiate this allegation even when read liberally. For the foregoing reasons, the plaintiff's tort claim is dismissed without prejudice.

### PLAINTIFF'S MOTION TO AMEND TO INCLUDE A BIVENS CLAIM

The plaintiff moves this court pursuant to Fed.R.Civ.P. 15(c) to amend his complaint to include a Bivens claim. The plaintiff alleges that the defendants' discriminatory acts were in "retaliation of his lawful exercise of his First Amendment rights under the United States Constitution." The *Bivens* court held that an individual was entitled to maintain an action to recover money damages for injuries he suffered as a result of a federal agent's violation of his fourth amendment rights. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 397, 91 S.Ct. 1999, 2005, 29 L.Ed.2d 619 (1971). Since 1970, the *Bivens* doctrine has been applied to other constitutional violations. *See Davis v. Passman,* 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979) (Bivens doctrine applied to violations of equal protection); *Carlson v. Green,* 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980) (applied to eighth amendment).

The Supreme Court has noted that a Bivens cause of action may be defeated in two situations. First, where the defendants demonstrate "special factors counselling hesitation in the absence of affirmative actions by Congress," *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S.

at 396, 91 S.Ct. at 2005, or second, where defendants show that Congress has provided an alternative remedy as a substitution for relief afforded by the Constitution. *Id.* at 397, 91 S.Ct. at 2005.

Bivens claims seeking damages for alleged violations of an individuals first amendment rights are not novel. In *Bush v. Lucas,* 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983), the plaintiff, an employee of the National Aeronautics and Space Administration sought damages under the *Bivens* doctrine for an alleged demotion in retaliation for making statements to the press. Given the availability of an elaborate procedure for redressing grievances and the "comprehensive nature" of remedies that a claimant could obtain, the court declined to create a new federal remedy where Congress had provided a vehicle by which the employee could seek relief. *Id.* at 388, 103 S.Ct. at 2416. Specifically, the court stated:

> [t]he question is not what remedy the court should provide for a wrong that would otherwise go unredressed. It is whether an elaborate remedial system that has been constructed step by step, with careful attention to conflicting policy considerations, should be augmented by the creation of a new judicial remedy for the constitutional violation at issue.

*Id.* at 388, 103 S.Ct. at 2416–2417.

The courts holding in *Bush* is significant to the present case in that it recognizes that where adequate administrative machinery exists to redress grievances, courts should hesitate before creating an alternative remedy under Bivens; since "Congress is in a better position to decide whether or not the public interest would be served by creating it." *Id.* at 390, 103 S.Ct. at 2417. "In this highly regulated area of federal employment, where Congress has created exhaustive administrative avenues for employee disputes, there are those very strong 'special factors counselling hesitation' preventing us from creating a Bivens-type constitutional remedy for violations of employees constitutional rights arising in and from the employment context". *Palermo v. Rorex,* 806 F.2d 1266, 1271 (5th Cir.1987); *See also Gaj v. U.S. P.S.,* 800 F.2d 64, 68 (3rd Cir.1986).

The plaintiff argues that his first amendment right to free speech was contravened by the actions of the defendants. The Equal Employment Opportunity Commission pursuant to 29 U.S.C. § 633a, promulgated procedures for addressing claims of alleged illegal age discrimination. These procedures are codified in 5 C.F.R. § 1613.511–521 and are similar to the procedures used for handling Title VII claims. The procedures are extensive and afford a complainant ample opportunity to present any and all grievances to the appropriate agency. In light of the Supreme Court's holding in *Bush v. Lucas,* 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983), this court does not find it appropriate to create a new federal remedy especially in this highly regulated area of federal employment. The court does not find plaintiff's Bivens claim to be actionable.

CONCLUSION

For the above stated reasons, the defendant's motion to dismiss the complaint is granted. Plaintiff's cross-motion is denied for the reasons stated herein. Plaintiff's tort claim is dismissed without prejudice to satisfy the necessary jurisdictional prerequisites and to properly plead the tort claim.

SO ORDERED.