959 F.2d 216
 58 Fair Empl.Prac.Cas. (BNA) 1105,
58 Empl. Prac. Dec. P 41,439, 60 USLW 2713
 Eugene M. REBAR, Plaintiff-Appellant,
v.
John O. MARSH, Jr., Secretary of the ARMY, Crosbie E. Saint,
Commander in Chief of the ARMY, Fred F. Marty,
General, John W. Woodmansee, Ltg., etc.,
et al., Defendants-Appellees.
 No. 90-4015.
 United States Court of Appeals,
Eleventh Circuit.
 April 28, 1992.
 
 H. Manuel Hernandez, Ralph E. Hopkins, Asst. U.S. Attys., Orlando, Fla., for defendants-appellees.
 Appeal from the United States District Court for the Middle District of Florida.
 Before KRAVITCH and DUBINA, Circuit Judges, and RONEY, Senior Circuit Judge.
 RONEY, Senior Circuit Judge:
 
 
 1
 This case questions the proper venue of an age discrimination claim against a Government agency. Since there is no venue provision in the Age Discrimination in Employment Act itself, we hold that the general venue statute applies and that venue of this case was in the Middle District of Florida where the plaintiff lives. In so doing, we reject the Government's argument and the district court's decision that the venue provision of Title VII of the Civil Rights Act should be read into the age discrimination statute. Thus, we reverse the judgment of dismissal for lack of venue and remand to the district court for further proceedings.
 
 
 2
 Eugene M. Rebar was a civilian employee of the United States Army in Germany. He asserts a cause of action under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 633a and 5 U.S.C. § § 7702 and 7703, alleging age discrimination when he was terminated from that employment. The merits of his cause of action are not before this Court, only the issue of proper venue.
 
 
 3
 Representing himself, Rebar initially filed a complaint in the United States District Court for the District of Columbia. That court dismissed the case on the Government's motion, holding that the general venue statute, 28 U.S.C. § 1391(e), applied in federal ADEA actions and consequently venue did not lie in the District of Columbia. Rebar v. Huston, No. 88-0134 at 2-3 (D.D.C. Aug. 18, 1988).
 
 
 4
 Thereafter, Rebar filed this case in the Middle District of Florida asserting jurisdiction under that provision of the general venue statute which permits an action against an employee, officer or agency of the United States to be brought in the judicial district where "the plaintiff resides if no real property is involved in the action." The Secretary of the Army and other Government employees are defendants in this action, there is no real property involved, and the plaintiff resides in the Middle District of Florida. The defendants admit that this is the proper venue of this case if the general venue statute applies.[1]
 
 
 5
 The district court held, however, that the motion of the defendants to dismiss for improper venue should be granted because, "pursuant to 42 U.S.C. § 2000(e)-5(F)(3) [2000e-5(f) ] [the venue provision for Title VII actions], it appears that venue of this action should be in the Eastern District of Virginia." It must be conceded that the Middle District of Florida is not the proper venue for this action if the Title VII venue provisions are applicable.[2]
 
 
 6
 The Government argues that the venue provision applicable to federal employees under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(3), should be applied to federal sector ADEA actions because of the similarity in the language and purpose of the ADEA and Title VII, the legislative history of the ADEA, and the need for national uniformity in the law of federal employment. Although the arguments are strong as to why Congress should provide the same venue provisions for age discrimination as are provided for race, sex, religion and other Title VII discrimination cases, there seems to be no precedent for a federal court to simply disregard the general venue statute which by its legislative terms applies when a statute contains no independent venue provision,[3] and to effectively amend the ADEA to include a venue provision which Congress did not enact. The Government readily admits that there is no direct precedent for the district court's decision in this case. Other district courts which have considered the issue have gone the other way.[4]
 
 
 7
 The Government cites as analogous DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 158, 103 S.Ct. 2281, 2287, 76 L.Ed.2d 476 (1983), which held that the courts must "borrow" a suitable limitations period from another source when there is no federal statute of limitations applicable. Likewise, in Oscar Mayer & Co. v. Evans, 441 U.S. 750, 756, 99 S.Ct. 2066, 2071, 60 L.Ed.2d 609 (1979), and Lehman v. Nakshian, 453 U.S. 156, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981), the procedural provisions were imported into ADEA from Title VII where there was no general statute governing the particular procedures. In this case, however, there is a general venue statute which governs if a cause of action is created by a special statute without any special venue provision. Gulf Research & Dev. Co. v. Schlumberger Well Surveying Corp., 92 F.Supp. 16 (D.Cal.1950).
 
 
 8
 So it is with the lower court decisions which have been carefully researched and cited by the Government.[5] In none of these cases was there a general statute which covered the subject and which would have to be disregarded in order to use the specific provisions of Title VII.
 
 
 9
 The legislative history of the ADEA does indeed raise a serious question as to why Congress would not provide the same venue provisions for ADEA as Title VII.[6] In enacting the venue provision of Title VII, Congress has demonstrated that it knows how to provide a specific venue provision when it so intends. See Lehman v. Nakshian, 453 U.S. 156, 162, 101 S.Ct. 2698, 2702, 69 L.Ed.2d 548 (1981). If Congress' failure to include a similar provision in the ADEA was simply an oversight, Congress is the governmental body that should correct it, not the Courts.
 
 
 10
 Thus we hold that the general venue provisions for federal employee actions against the Government control unless the act creating the cause of action provides otherwise.
 
 
 11
 The Government argues that it is entitled to judgment because the statute of limitations bars Rebar's claim, and because Rebar failed to exhaust his administrative remedies. We express no view as to either argument, or on any other aspect of the merits of plaintiff's claim. We simply hold that venue was proper in the Middle District of Florida and remand for such further proceedings as are appropriately within the jurisdiction of the district court.
 
 
 12
 REVERSED and REMANDED.
 
 
 
 [1]
 28 U.S.C. § 1391(e) reads:
 A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action. Additional persons may be joined as parties to any such action in accordance with the Federal Rules of Civil Procedure and with such other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies were not a party.
 The summons and complaint in such an action shall be served as provided by the Federal Rules of Civil Procedure except that the delivery of the summons and complaint to the officer or agency as required by the rules may be made by certified mail beyond the territorial limits of the district in which the action is brought.
 
 
 [2]
 42 U.S.C. § 2000e-5(f)(3) provides:
 Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.
 
 
 [3]
 The general venue statute controls "except as otherwise provided by law." 28 U.S.C. § 1391(e)
 
 
 [4]
 Although several District of Columbia district courts have applied the general venue statute to federal ADEA actions, the Court of Appeals for the District of Columbia has never ruled on the issue. See Archuleta v. Sullivan, 725 F.Supp. 602 (D.D.C.1989); Sweet v. Dept. of Health & Human Services, 42 Fair Empl.Prac.Cas. (BNA) 470, 1986 WL 15149 (D.D.C.1986) (citing Quinn v. Bowmar Publishing Co., 445 F.Supp. 780 (D.Md.1978), which applied 28 U.S.C. § 1391(e) to an ADEA action without discussion). But see Hill v. Secretary, HHS, 39 Fair Empl.Prac.Cas. (BNA) 607, 1985 WL 5627 (D.D.C.1985) (Title VII and ADEA action properly brought under special Title VII venue provision); Longworth v. National Supermarkets, Inc., 41 Fair Empl.Prac.Cas. (BNA) 30, 1986 WL 8711 (E.D.Mo.1986) (applying, without discussion, Title VII venue provision to action brought by private employee under Title VII and ADEA)
 
 
 [5]
 Baker v. Sears, Roebuck & Co., 903 F.2d 1515, 1519 (11th Cir.1990) (applying a modified version of the Title VII prima facie case to ADEA actions); Honeycutt v. Long, 861 F.2d 1346, 1349 (5th Cir.1988) (appropriate defendant to be sued under ADEA is same person as under Title VII); Romain v. Shear, 799 F.2d 1416, 1418 (9th Cir.1986), cert. denied, 481 U.S. 1050, 107 S.Ct. 2183, 95 L.Ed.2d 840 (1987) (ADEA action is subject to TItle VII 30-day limit in which to name proper defendant); Ellis v. United States Postal Service, 784 F.2d 835, 838 (7th Cir.1986) (proper defendant under ADEA is same person as under Title VII); Duffy v. Wheeling Pittsburgh Steel Corp., 738 F.2d 1393, 1395 (3d Cir.), cert. denied, 469 U.S. 1087, 105 S.Ct. 592, 83 L.Ed.2d 702 (1984) (Title VII standard for prima facie case applies to ADEA actions); EEOC v. Borden's Inc., 724 F.2d 1390, 1393 (9th Cir.1984) (same) overruled on other grounds, Public Employees Retirement System of Ohio v. Betts, 492 U.S. 158, 173-75, 109 S.Ct. 2854, 106 L.Ed.2d 134 (1989) ( see American Ass'n of Retired Persons v. Farmers Group, Inc., 943 F.2d 996, 1004 (9th Cir.1991)); Anderson v. Savage Laboratories, Inc., 675 F.2d 1221, 1224-25 (11th Cir.1982) (decisions arising under Title VII applying the "work rule" test held to be precedent for claims arising under ADEA); Johnson v. Lehman, 679 F.2d 918, 922 (D.C.Cir.1982) (Title VII principles regarding prima facie standard apply to ADEA actions); Coke v. General Adjustment Bureau, Inc., 640 F.2d 584, 587 (5th Cir.1981) (en banc) (Title VII cases involving the almost identical 180-day filing requirement have value as precedent for cases under the ADEA involving same issue); Loeb v. Textron, Inc., 600 F.2d 1003, 1010 (1st Cir.1979) (principles behind McDonnell Douglas prima facie formulation are applicable in ADEA cases as in Title VII cases); Attwell v. Granger, 748 F.Supp. 866, 873 (N.D.Ga.1990) (Title VII provisions for identifying the proper defendant apply to ADEA actions, even though the language of ADEA suggests otherwise); Lavery v. Marsh, 727 F.Supp. 728 (D.Mass.1989), (applying 30-day statute of limitations of Title VII to ADEA actions) aff'd, 918 F.2d 1022, 1024 (1st Cir.1990); Caraway v. Postmaster General, 678 F.Supp. 125, 128 (D.Md.1988) (30-day limitation period of Title VII does apply to ADEA actions, but not where EEOC had informed claimant that he had 6 years to file civil action); Healy v. United States Postal Service, 677 F.Supp. 1284, 1289 (E.D.N.Y.1987) (applying 30-day limitations period of Title VII to ADEA claim); Ramachandran v. United States Postal Service, 43 Fair Empl.Prac.Cas. (BNA) 1759, 1760, 1987 WL 47762 (C.D.Cal.1987) (Title VII provisions regarding proper defendant and 30-day limitations period apply to ADEA actions), aff'd, 848 F.2d 1243 (9th Cir.1988), cert. denied, 489 U.S. 1082, 109 S.Ct. 1538, 103 L.Ed.2d 843 (1989); Svenson v. Thomas, 607 F.Supp. 1004, 1006 (D.D.C.1985) (same); Gillispie v. Helms, 559 F.Supp. 40, 41-42 (W.D.Mo.1983) (proper defendant under ADEA is same person as under Title VII). But see Bornholdt v. Brady, 869 F.2d 57, 62 (2d Cir.1989) (Title VII 30-day limitations period for suits against government not applicable to ADEA); Lubniewski v. Lehman, 891 F.2d 216, 220-21 (9th Cir.1989) (federal employee ADEA action not subject to Title VII 30-day limit in which to name head of agency as defendant)
 
 
 [6]
 Senator Bentsen, the principal proponent of the amendments extending ADEA coverage to federal employees, stated as follows:
 The committee bill, which incorporates my amendment, would bring Federal employees under the coverage of a law specifically directed at the overall problem and give some focus to other remedies which simply have not done the job. The measures used to protect federal employees would be substantially similar to those incorporated in [Title VII] which expanded the authority of the Equal Employment Opportunity Commission.
 
 
 [118]
 Cong.Rec. 24,397 (1972)