**Willie F. HINTON, Plaintiff,**

v.

**Joel W. SOLOMON et al., Defendants.**

**Civ. A. No. 79–0350.**

United States District Court, District of Columbia.

Aug. 16, 1979.

As Amended Sept. 5, 1979.

Karen Smith Woodson, Washington, D. C., for plaintiff.

Susanne M. Lee, Asst. U. S. Atty., Washington, D. C., for defendants.

## MEMORANDUM OPINION AND ORDER

JOYCE HENS GREEN, District Judge.

This matter comes before the Court on defendants' motion pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss the complaint in this case for lack of subject matter jurisdiction. After a thorough consideration of the pleadings and the contentions presented at oral argument, it is the Court's determination that defendants' motion must be granted.

Plaintiff in this case is a GS–5 Federal Protective Service officer who is employed in the Public Buildings Service by the General Services Administration (GSA). He alleges that defendants discriminated against him on the bases of race and age in 1976 by failing to promote him to the position of supervisory Federal Protective Service officer, grade GS–7, under Vacancy Announcement 76–R–755. He further asserts that defendants have taken retaliatory action against him in reprisal for his filing of a complaint with GSA in 1976 alleging race, sex, and age discrimination. Plaintiff invokes the jurisdiction of this Court pursuant to the Age Discrimination in Employment Act (ADEA), as amended, 29 U.S.C. § 621 *et seq.;* 42 U.S.C. § 1981; and the fifth and fourteenth amendments to the Constitution. As relief he seeks, *inter alia,* a declaratory judgment that defendants have discriminated against him, a retroactive promotion, back pay, and punitive damages.

Defendants have moved to dismiss, contending that the Court lacks jurisdiction over either plaintiff's age or race discrimination claim. In addition, they declare that defendant Maddock, who headed the selection panel awarding the promotions at issue here, is not a proper party to this suit; that neither defendant may be sued in his individual capacity; that plaintiff has failed to meet the jurisdictional prerequisites of the ADEA regarding his allegations of reprisal; and that he may not recover punitive damages under either his race or age discrimination theory.

By implication in his opposition to defendants' motion and by clear admission at oral argument, plaintiff has conceded that defendants should prevail on all points of their motion except the contention that the Court lacks jurisdiction over his claim of age discrimination. Since plaintiff does not object, the Court herewith dismisses his claim of discrimination on the basis of race, his claim alleging reprisal, and his prayer for punitive damages. Likewise, the Court dismisses defendant Maddock from the suit, and dismisses the complaint against defendant Solomon, Administrator of GSA, insofar as it purports to hold him liable in his individual capacity. As a result, the Court is left to consider only the issue whether

plaintiff may maintain his suit for age discrimination under the ADEA.

The relevant, undisputed facts in this case are as follows: plaintiff applied for the open position of supervisory Federal Protective Service officer under Vacancy Announcement 76–R–755 prior to the June 3, 1976, closing date and in accordance with position requirements. Following the closing of the vacancy announcement, an evaluation team from the GSA personnel office rated the applications submitted and determined that ninety-two applicants qualified for the nineteen vacant supervisory positions. Plaintiff received a rating of "highly qualified." A referral list of ninety-two names was forwarded to a selection panel, which ultimately awarded promotions to fifteen candidates under age forty and four candidates over age forty. Plaintiff was not among those selected. Thereafter, plaintiff discussed with his Equal Employment Opportunity counselor his belief that he had been the victim of discrimination; in late October 1976 he filed a complaint with GSA alleging discrimination on the bases of sex, race, and age. In early November 1976, plaintiff was notified that his complaint had been accepted by GSA for formal investigation, which was conducted between November 24 and December 7, 1976. A hearing was also held on June 8, 1977, over which a complaints examiner from the Civil Service Commission [1] (the Commission) presided. After reviewing the results of the formal investigation and the recommendation of the hearing officer (whose decision has not been reported to this Court), the Controller-Director of Administration of GSA determined on August 31, 1978, that no basis existed for plaintiff's complaint of discrimination. Notice of this final agency decision was transmitted to plaintiff via certified mail on that same date. On February 5, 1979, plaintiff filed this action.

Defendants argue that this Court must dismiss plaintiff's claim of age discrimination because he has failed to comply with the jurisdictional prerequisites of 29 U.S.C. § 633a(d),[2] which provides:

When the individual has not filed a complaint concerning age discrimination with the [Civil Service Commission], no civil action may be commenced by any individual under this section until the individual has given the Commission not less than thirty days' notice of an intent to file such action. Such notice shall be filed within one hundred and eighty days after the alleged unlawful practice occurred. Upon receiving a notice of intent to sue, the Commission shall promptly notify all persons named therein as prospective defendants in the action and take any appropriate action to assure the elimination of any unlawful practice.

1. By virtue of the Civil Service Reform Act of 1978, effective January 11, 1979, the Civil Service Commission was abolished and replaced by the Office of Personnel Management and the Merit Systems Protection Board. *See* Pub. L.No. 95–454, 92 Stat. 1111 (to be codified in scattered sections of 5, 10, 15, 28, 31, 38, 39, 42 U.S.C.); Reorg. Plan No. 2 of 1978, 43 Fed.Reg. 36,037 (1978), *reprinted in* 5 U.S.C.A. § 1101 note, at 30 (West Cum.Supp.1979).

2. Defendants also contend that plaintiff fails to meet the statutory age requirements for a suit under the ADEA. *See* 29 U.S.C.A. § 631(a)–(b) (West Cum.Supp.1979) (prohibitions of this chapter apply only to persons between the ages of 40 and 70 years). In his signed complaint, plaintiff stated that he was 41 years old on February 5, 1979, the date on which this suit was filed. *See* Complaint, ¶ 6. In its motion to dismiss, defendants noted that plaintiff could therefore have been at most 39 years of age when the alleged discriminatory act occurred sometime between June and October 1976. Plaintiff asserts that the statement in his complaint was in error and has submitted both an affidavit and a copy of his driver's license to the Court as evidence that his birthdate is August 6, 1934. By plaintiff's reckoning he was 42 years old at the time of the alleged discriminatory event. The Court is more than a little disturbed that plaintiff's own carelessness has put into contention so fundamental a question *as his age. Nevertheless, for the purposes of* this discussion, it will accept plaintiff's representation that he meets the statutory age limitations despite the fact that no explanation has been offered for the error in his initial pleading. Because of the Court's decision on the jurisdictional aspects of this case under section 633a(d), *it is unnecessary to decide whether* plaintiff has offered sufficient evidence regarding his age to establish his eligibility to sue under the ADEA.

They claim that plaintiff did not file a complaint with the Commission, but rather chose to assert his grievance internally with GSA. Following the agency's adverse determination, plaintiff neither appealed to the Appeals Review Board of the Commission nor notified the Commission in a timely fashion of his intent to file the instant action. Therefore, defendants contend, plaintiff may not now bring this suit.

Plaintiff concedes that he did not file a complaint with the Commission or appeal GSA's final decision to the Commission's Appeals Review Board. Instead, he argues that he need not comply with the notice and filing requirements of section 633a(d) because he filed an administrative complaint of discrimination with the agency in October 1976. This act, he contends, serves the same purpose as compliance with section 633a(d). Moreover, he claims, holding him to the notice and filing requirements of the statute would serve to penalize him for seeking relief via the administrative process prior to filing a judicial action.

■ It is clear that the requirements of section 633a(d) are jurisdictional in nature. *See Bradley v. Kissinger,* 418 F.Supp. 64, 66 (D.D.C.1976) (class action not maintainable where named plaintiff has not complied with notice and filing requirements of § 633a(d)). In dismissing a suit whose facts were virtually identical to those in the instant matter, Judge Parker stated:

> The mandatory nature of the statutory scheme is clear . . . . Congress specifically stated that 'no civil action may be commenced . . . until the individual has given the Commission not less than thirty days' notice of an intent to file such action.' The internal administrative procedure that plaintiff seeks to substitute is an alternative and independent remedy a complainant may take, not a statutory prerequisite to filing an ADEA suit. Indeed, the only formal step a Federal employee must take is the filing of the 30-day notice with the Commission.

*Jackson v. National Highway Traffic Safety Administration,* No. 78–2396, at 2 (D.D.C. Apr. 10, 1979) (unpublished opinion). Moreover, plaintiff's assertion that filing a complaint with the administrative agency serves the same purpose as providing timely notice of intent to file suit is not well-taken. It is clear from the language of the statute that the purpose of providing notice to the Commission is to permit that body to contact the prospective defendants and take action to eliminate unlawful practices. 29 U.S.C. § 633a(d) (1976). Such action by the Commission is consistent with its mandate to enforce the rights of federal employees in age discrimination cases. *See id.* § 633a(b) (1976). Although the filing of an administrative complaint would provide notice to prospective defendants, it would neither make the Commission aware of the alleged discrimination problem nor give the Commission the opportunity to exercise its directive to resolve the matter short of a judicial proceeding. Plaintiff concedes that he neither filed a complaint with the Commission nor complied with the notice and filing requirements of section 633a(d). His actions have clearly precluded the Court from determining his suit.

■ Finally, the Court believes that some comment is necessary regarding the plaintiff's claim that requiring his compliance with the statutory scheme outlined in section 633a(d) penalizes his efforts to seek relief through administrative channels. This assertion is unwarranted. Plaintiff is not prevented by the statute from seeking administrative resolution of his problem. Rather, he may preserve his right to file a civil suit, even if he fails to file his complaint directly with the Commission or to comply in a timely fashion with the notice requirements of section 633a(d) if he files an administrative complaint and takes a timely appeal from an adverse final agency decision to the Commission's Appeals Review Board. *See Hall v. United States,* 436 F.Supp. 505, 507, 508 (D.Minn.1977) (plaintiff filed discrimination complaint with Veteran's Administration and appealed adverse decision to Commission; court held subject matter jurisdiction existed even though more than 180 days had elapsed since al-

leged discriminatory act); *cf. Trammell v. Callaway,* 415 F.Supp. 212, 216 (N.D.Miss. 1976) (plaintiff failed to file timely appeal with Commission following rejection of complaint by agency; court held failure to pursue appeal precluded it from granting relief). Plaintiff here did not appeal the agency decision rendered on August 31, 1978, but instead chose to wait approximately five months before filing this action. He cannot now argue that the statutory scheme chills his right to seek an administrative remedy when in fact his own inaction (by negligence or passivity) has precluded his suit.

For the reasons stated above, the Court herewith dismisses plaintiff's cause with prejudice.