**Warren A. PROUD, Appellant,**

v.

**UNITED STATES of America, et al.**

**No. 88–5162.**

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 13, 1989.

Decided April 21, 1989.

Irving Kator, with whom Michael J. Kator, Washington, D.C., was on the brief, for appellant.

R. Craig Lawrence, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John D. Bates, Asst. U.S. Atty., Washington, D.C., were on the brief, for appellee.

Before ROBINSON, EDWARDS and SENTELLE, Circuit Judges.

Opinion for the Court filed by Circuit Judge SENTELLE.

SENTELLE, Circuit Judge:

The case below was an action alleging age discrimination in federal employment. The District Court entered summary judgment for the government on the grounds that the plaintiff had not exhausted his administrative remedies before bringing suit. We reverse the entry of summary judgment and remand for further appropriate proceedings.

Age discrimination is prohibited in federal employment. 29 U.S.C. § 633a. Warren A. Proud, the plaintiff, has been over the statutorily protected age of forty at all times pertinent to this action. Proud entered on duty at Stuttgart, West Germany, in June 1985 as a civilian employee of the Department of the Army. On October 21, 1985, Proud was notified that he would be terminated the following week for allegedly unsatisfactory performance. He was so terminated. His replacement was under the age of forty. Proud's allegation that his dismissal was motivated by age discrimination constitutes his termination claim, with which the present action is concerned.

Proud had at one time a travel-expense claim as well. The Army also notified Proud when he was dismissed that he would be required (1) to reimburse the government for its expense in moving him to Germany from the continental United States and (2) to bear the expense of his return to the United States because he had not completed minimum periods of employment specified in his agreements with the government. Proud petitioned local Army officials directly for relief from both the outbound and return travel expenses. On November 12, 1985, the Army informed Proud that it waived reimbursement of the outbound expense but would require him to bear the expense of return travel.

EEOC regulations [1] require an agency to provide precomplaint counseling for, and acceptance of complaints from, individuals alleging age discrimination. 29 C.F.R. §§ 1613.511, 1613.213–.214 (1988). Proud first contacted the Army's local Equal Employment Opportunity office on December 4, 1985, a date more than thirty days after his termination on October 28 but within thirty days of the denial on November 12 of his request that the government pay his return to the United States. His first interview with a counselor was December 9. Proud sought assistance with both his travel claim and his termination claim, alleging that both were the product of age discrimination. According to the EEO officer's

subsequent report, "[h]owever, he only requested he be returned to [the United States] at government expense when it was pointed out to him that he had not brought the matter of his separation to the attention of an EEO Officer or counsellor in a timely manner (within 30 days of his separation.)." Memorandum from Barbara C. Garcia to Director, Equal Employment Opportunity Compliance Review Agency, Joint Appendix ("J.A.") 16. The EEO office conducted a substantial investigation of the travel claim, but its report only addressed "the reasons for his separation from employment as the background to the decision not to cover return travel expenses and not on its merits.", EEO Counselor's Report, J.A. 32. The EEO report recommended that the government bear Proud's return-travel expense, and that relief was granted January 2, 1986.

As required, 29 C.F.R. 1613.213(a), the EEO office gave Proud a Notice of Final Interview on January 7, 1986, that advised him of his right to file a discrimination complaint within fifteen calendar days of the notice. Proud, however, wrote instead: "I withdraw my EEO Complaint. I have received notification that … my transportation costs will be paid back to the U.S. I no longer have an EEO complaint." J.A. 21. Proud has made no further use of administrative procedures.

The statute prohibits a person who has not filed an administrative complaint concerning age discrimination from bringing suit until the person has given the EEOC notice of his intent to sue. 29 U.S.C. § 633a(d). The notice must be given within 180 days of the alleged discrimination and not less than thirty days before suit. *Id.* Proud filed notice of his intent to sue with the Equal Employment Opportunity Commission on April 17, 1986, within 180 days of his termination, and filed this suit seeking relief for alleged age discrimination in his termination on July 17, 1987, not less than thirty days after the notice.

---

1. For convenience, we refer herein to these sections of the regulations in their present form. The 1987 amendments thereto, 52 Fed.Reg. 41,- 922–23 (1987), are not material to the issues before us.

The District Court acknowledged that Proud had filed no administrative complaint and that his suit was in facial compliance with the statutory notice provisions. The District Court held, however, that it was without jurisdiction because Proud had failed to exhaust his administrative remedies. The District Court's judgment rests on five determinations: (1) that the travel and termination claims were very closely related; (2) that the EEO officer conducted a substantial investigation; (3) that the EEO officer actually considered the termination claim as well as the travel claim; (4) that Proud accepted the benefit of the EEOC-procured travel claim resolution; and (5) that initiation of pre-complaint proceedings are sufficient to constitute an election to pursue administrative remedies that must be exhausted before suit. Which cumulative and alternative combinations of these determinations underlie the judgment is not entirely clear: we are uncertain, for example, whether the District Court held that an election was made merely because of the initiation of informal proceedings, or because those proceedings also resulted in a benefit on a closely related claim, or because of some other combination of those determinations.

It is clear to us, however, that mere initiation of informal administrative proceedings short of an administrative complaint does not of itself constitute an election under the statute to pursue administrative remedies to exhaustion. The statute prohibits age discrimination in federal employment, 29 U.S.C. § 633a(a), and the EEOC is authorized to enforce the statute and provide remedies. *Id.* § 633a(b). The EEOC is directed generally to issue appropriate rules, regulations, orders, and instructions and is directed specifically to "provide for the acceptance and processing of complaints." *Id.* § 633(b)(3). The statute also permits any aggrieved person to bring a civil action, *id.* § 633a(c), subject to above-described notice requirements for a person who "has not filed a complaint" with the EEOC. *Id.* § 633a(d). EEOC regulations provide informal, pre-complaint procedures to attempt a resolution within three weeks or less. 29 C.F.R. §§ 1613.-511, 1613.213(a). Upon the expiration of that period (or earlier resolution), the agency counselor is to conduct a final interview at which the counselor is to give written notice of the person's right to file a complaint within fifteen days. *Id.* Agencies may accept complaints concerning a personnel action only if the complainant first brought the allegedly discriminatory action to the attention of an EEO counselor within thirty days of its effective date and the administrative complaint is filed within fifteen days of the final EEO interview. 29 C.F.R. § 1613.214(a)(1). The agency may extend those time limits for "reasons considered sufficient by the agency." 29 C.F.R. § 1613.214(a)(4). Section 1613.213 of the regulations is titled "Precomplaint processing" and refers throughout to the "aggrieved person"; section 1613.214 is titled "Filing and presentation of complaint" and refers throughout to the "complainant."

It is apparent from the bright line between these two sections in the regulations that "complaint" in section 633a(d) of the statute and "complaints" in subsection 633a(b) refer to formal administrative complaints. Proud never filed one. It is thus clear that we are not presented with the question whether a person who has "filed a complaint" with an agency must exhaust those proceedings, and the conflicting cases of our sister circuits dealing with that question that have been cited by the District Court and the parties have no application to the question that is before us. *Cf. Langford v. U.S. Army Corps of Eng'rs,* 839 F.2d 1192 (6th Cir.1988); *Rivera v. United States Postal Service,* 830 F.2d 1037 (9th Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 1737, 100 L.Ed.2d 200 (1988); *Castro v. United States,* 775 F.2d 399 (1st Cir.1985) (per curiam); *Purtill v. Harris,* 658 F.2d 134, 138 (3d Cir.1981), *cert. denied,* 462 U.S. 1131, 103 S.Ct. 3110, 77 L.Ed.2d 1365 (1983). The government is mistaken that we now are presented with that question because our decision in *McKinney v. Dole,* 765 F.2d 1129, 1141 n. 28 (D.C.Cir.1985), allegedly "treated bringing the matter to the attention of an EEO counselor as filing a 'complaint' within the

meaning of section 633a(d)." Brief for Appellee at 13. In that case, we affirmed the District Court's dismissal of an age discrimination claim for which there had been filed an untimely administrative complaint. As noted above, the regulations measure timeliness of an administrative complaint by contact with the agency within thirty days of the incident *and* filing of the complaint within fifteen days of the notice of final interview. While it was not clear to the Court when McKinney first contacted the agency, it was clear that the earliest possible date was outside this time frame. *Id. See also* 765 F.2d at 1136 n. 13; 29 C.F.R. §§ 1613.214(a)(1); 1613.213(a). Thus the Court recognized that time of contact is relevant under regulations to the timeliness of an administrative complaint, but by no means did the Court hold that contact with the EEO counselor constituted the filing of an administrative complaint.

While it is thus clear that Proud never triggered whatever requirement of administrative exhaustion might lie below the surface of the statute, the District Court raises the question whether there are other considerations present that favor judicial imposition of a requirement of administrative exhaustion in federal age discrimination cases. We have no occasion to deal in detail with such question, however, for the simple reason that a person should not be required to exhaust an administrative process that he has been told by administering officials is foreclosed to him. It is undisputed in the record before us that Proud took his complaint that he had been dismissed discriminatorily to an EEO counselor and was told by the counselor that he was too late for the counselor to assist him with that claim, and the counselor's contemporaneous report considered the allegations of discriminatory dismissal only as "background" to Proud's other claim. EEO Counselor's Report, J.A. 32. The District Court is undoubtedly correct that the dismissal and travel claims asserted by Proud are closely related, but they are plainly distinct as well, involving quite different and arguably inconsistent relief. The simple fact is that agency consideration of the dismissal claim never got under

way; Proud was told at the outset that he was too late to obtain agency assistance. Sterile formalities in such a circumstance, even if permitted by the agency, are not required. *Cf. American Fed'n of Gov't Employees v. Acree*, 475 F.2d 1289 (D.C. Cir.1973) (per curiam).

Accordingly, the judgment is reversed and the cause remanded for further proceedings not inconsistent herewith.

Reversed.