**Robert RANN, Plaintiff,**

v.

**Elaine CHAO, Secretary, U.S. Department of Labor, Defendant.**

**No. CIV. A. 99–2349(RMU).**

United States District Court, District of Columbia.

Aug. 20, 2001.

62

John F. Karl, Jr., William P. Farley, McDonald & Karl, Washington, D.C., Counsel for Plaintiff Rann.

AUSA G. Michael Harvey, Washington, D.C., Counsel for Defendant Chao.

## *MEMORANDUM OPINION*

URBINA, District Judge.

### GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the court on the defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Alternatively, the defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).[1] The plaintiff, Robert Rann ("the plaintiff" or "Mr. Rann"), brings this suit for damages under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, claiming that his employer, the U.S. Department of Labor ("DOL"), discriminated against him on the basis of his age. Specifically, the plaintiff alleges that his employer denied him a promotion because of his age and gave the promotion instead to a 38–year–old employee. *See* Compl. ¶ 22. The defendant, Elaine Chao, is the Secretary of Labor ("the defendant"), named in her official capacity.

The defendant moves to dismiss this action under Rule 12(b)(1) on the ground that the court lacks subject-matter jurisdiction because the plaintiff failed to exhaust his administrative remedies. *See* Renewed Mot. for Summ. J. ("Mot. for Summ. J.") at 2. The defendant notes that the plaintiff himself concedes that he failed to provide the DOL's Equal Employment Opportunity ("EEO") office with the docu-

mentation needed to complete a formal investigation. *See id.;* Pl.'s Opp'n to Renewed Mot. for Summ. J. ("Pl.'s Opp'n") at 9–12. The plaintiff counters by asserting that because the EEOC had already obtained all necessary information through a previous informal investigation, this documentation was unnecessary and redundant. *See* Pl.'s Opp'n at 9.

For the reasons that follow, the court holds that because the plaintiff failed to comply with the EEOC's formal complaint process, he has failed to fully exhaust his administrative remedies before filing suit in this court. Accordingly, the court lacks subject-matter jurisdiction over this matter and will grant the defendant's renewed motion to dismiss.

## II. BACKGROUND

Robert Rann, now age 66, is employed as a GS–13 Manpower Analyst in the Department of Labor's Employment and Training Administration. *See* Compl. ¶ 5. He has been employed by the DOL since 1970. *See id.* In November 1997, the DOL advertised a GS–14 Manpower Analyst position, and Mr. Rann submitted an application. He interviewed for the position and was notified that he had not been selected on March 16, 1998. *See* Mot. for Summ. J. at 2. At the time, Mr. Rann was 64 years old. *See* Compl. ¶ 5. The selectee, Jonathan Messenger, was 38 years old. *See id.* ¶ 22.

Believing that he was the best qualified applicant interviewed for the GS–14 position, Mr. Rann wrote to the selecting official, Stephen Wandner, and asked for an

---

**1.** Although the defendant styles her motion as one for summary judgment, the gravamen of her motion is a motion to dismiss for failure to exhaust administrative remedies. Accordingly, the court will treat the defendant's motion as a motion to dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule

of Civil Procedure 12(b)(1). See 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (1990) (noting that in these instances courts often "treat the motion for summary judgment as a 'suggestion' of lack of subject matter jurisdiction...").

explanation as to why he had not been selected. Mr. Wandner responded that Mr. Rann had not interviewed as well as Mr. Messenger. *See* Compl. ¶ 23. Mr. Rann filed an informal complaint of age discrimination with the DOL's Civil Rights Center on April 23, 1998. *See* Mot. for Summ. J. at 3. He was assigned an EEO counselor in May 1998 and participated in an informal mediation process. *See* Compl. ¶ 25. This informal counseling and mediation failed to resolve his situation, so Mr. Rann filed a formal complaint of age discrimination in September 1998. *See* Compl. ¶ 26.

The DOL's Civil Rights Center accepted this formal complaint for investigation in October 1998. Over the next six months, the EEO office sent Mr. Rann multiple requests for an affidavit, an initial step in the formal investigation. Mr. Rann never provided the EEO investigator with this information. *See* Mot. for Summ. J. at 4–6; Pl.'s Opp'n at 10–12. On June 7, 1999, the DOL's Civil Rights Office dismissed Mr. Rann's complaint for failure to prosecute. *See* Pl.'s Opp'n at 12. Three months later, Mr. Rann filed a complaint in this court.

In January 2000, the defendant made an initial motion to dismiss for failure to exhaust. This court denied that motion, allowing the plaintiff to seek relevant discovery in response to the defendant's noncooperation allegation. *See* Mem. Op. dated July 26, 2000. The defendant now renews its motion to dismiss or for summary judgment. For the reasons that follow, the court will grant the defendant's motion to dismiss.

## III. ANALYSIS

### A. Legal Standard

On a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has jurisdiction. *See District of Columbia Retirement Bd. v. United States,* 657 F.Supp. 428, 431 (D.D.C.1987). In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the court must accept all the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Pitney Bowes v. United States Postal Serv.,* 27 F.Supp.2d 15, 19 (D.D.C.1998) (Urbina, J.). The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations. *See, e.g., Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir. 1990).

Moreover, the court need not limit itself to the allegations of the complaint. *See Hohri v. United States,* 782 F.2d 227, 241 (D.C.Cir.1986), *vacated on other grounds,* 482 U.S. 64, 107 S.Ct. 2246, 96 L.Ed.2d 51 (1987). Rather, "[t]he court may consider such materials outside the pleadings as it deems appropriate to resolve the question whether it has jurisdiction in the case." *Scolaro v. D.C. Bd. of Elections and Ethics,* 104 F.Supp.2d 18, 22 (D.D.C.2000) (citing *Herbert v. National Academy of Sciences,* 974 F.2d 192, 197 (D.C.Cir.1992)).

### B. ADEA Procedural Overview

The Age Discrimination in Employment Act is designed to prevent arbitrary age discrimination in employment. *See* 29 U.S.C. § 621 *et seq.* The ADEA gives a person who is at least 40 years old the right to seek relief if she has been evaluated by age rather than by ability. *See* 29 U.S.C. § 631. Under the ADEA, a plaintiff may bring an age-discrimination claim to federal court by either of two routes. The plaintiff may bring the claim directly to federal court, provided that she files the complaint within 180 days from the date of

the alleged discriminatory conduct *and* provides at least 30 days notice to the EEOC before commencing the suit. *See* 29 U.S.C. § 633a(b), (c) and (d). Alternatively, the plaintiff may elect to pursue administrative remedies and, if the plaintiff is dissatisfied with the result of the administrative proceedings, the plaintiff may file suit in federal court once she has fully exhausted her administrative remedies. *See id.; Stevens v. Department of Treasury,* 500 U.S. 1, 5–6, 111 S.Ct. 1562, 114 L.Ed.2d 1 (1991) (describing two routes by which an ADEA claim may be brought to federal court).

Because the court has already held that this plaintiff has failed to allege facts sufficient to meet the requirements of the first of these two routes, *see* Mem. Op. dated July 26, 2000, the only question remaining is whether he fully exhausted his administrative remedies prior to filing suit in this court.

### C. Failure to Exhaust Administrative Remedies

■ This court initially denied the defendant's motion to dismiss for failure to exhaust administrative remedies so that it could more fully examine the facts revolving around the plaintiff's cooperation. In its first Memorandum Opinion, this court noted that while the relevant portions of the ADEA statute, 29 U.S.C. § 633a(b) and (c), do not mention a cooperation requirement with regard to the exhaustion of administrative remedies, cases from this circuit and others state that a plaintiff's full cooperation is crucial. For instance, in *Osborne v. Hove,* Dkt. No. 97cv1630, slip op. (D.D.C. Jan. 11, 1999) (HHK) (unpublished), the court granted the defendant's motion to dismiss for lack of subject-matter jurisdiction because it was "undisputed" that the plaintiff refused to respond to the EEOC's requests for more information. *See id.* at 7. In *Osborne,* an employ-

ee at the FDIC alleged that he suffered race and sex discrimination. When the investigator of his formal complaint requested more information, the *Osborne* plaintiff refused to comply with those requests, stating that further participation in the administrative process would be futile. *See id.* at 3.

Similarly, the plaintiff in this case states that he failed to produce an affidavit for the EEOC because "I thought it was a losing proposition; that nothing productive could come of that; that it would drag on forever, ever and ever." *See* Rann Dep. at 85. The *Osborne* court held, however, that a plaintiff's full cooperation is necessary in administrative proceedings in order to have exhausted administrative remedies. "In the delicate area of discrimination, 'it is particularly important that the agency develop a record and have the opportunity to exercise its discretion, to apply its expertise, and, possibly, to discover and correct its own errors.' " *See Osborne,* slip op. at 7 (quoting *Jordan v. United States,* 522 F.2d 1128, 1132 (8th Cir.1975)). Thus, the anti-discrimination purpose of the ADEA is served by making a plaintiff's full cooperation in administrative proceedings a key component of administrative exhaustion.

■ Under certain circumstances, futility may constitute an exception to the requirement of exhaustion of administrative remedies in the area of employment discrimination. *See, e.g., Bachman v. Collier,* 73 F.R.D. 300, 303 (D.D.C.1976) ("This Court would not require exhaustion if it concluded that said exhaustion would be no more than a futile act."). The futility exception is narrowly tailored, however, and a plaintiff bears a heavy burden to establish that the futility exception applies to his or her case. *See, e.g., Callicotte v. Carlucci,* 698 F.Supp. 944, 948 (D.D.C. 1988) ("This exception, as its name indi-

cates, applies 'where following the administrative remedy would be futile because of certainty of an adverse decision.' "); *Butler v. Kleppe*, 1975 WL 141, *1 (D.D.C. 1975). ·

 The plaintiff in this case has not met his futility burden. Indeed, discovery has revealed that the plaintiff has no tenable excuse for his failure to prosecute. When the DOL's EEO office first accepted the plaintiff's formal complaint, the office sent him and his attorney a letter that specifically advised him:

> it is your responsibility to cooperate with the EEO Investigator in the presentation of your affidavit. Without your statement, made under oath or affirmation, concerning the allegedly discriminatory agency actions about which you have filed your complaint, it is difficult to proceed with the investigation. You have the responsibility to provide your completed affidavit within the timeframe specified by the EEO Investigator. This serves as notice being given pursuant to the EEO regulations at 29 CFR 1614.107(g), that if you failed to provide requested information in the time specified by the EEO investigator, your EEO complaint may be dismissed for failure to prosecute.

Mot. for Summ. J., Ex. 2.

 The plaintiff offers no legitimate reason for his deliberate failure to pay heed to this and numerous subsequent warnings to comply with formal complaint proceedings. His claim that "[t]here was absolutely no need for such a sworn statement because Mr. Rann's qualifications were a matter of record and the evidence of discrimination was solely in the hands of the agency and its officials" does nothing to justify his failure to comply with procedural requirements. *See* Pl.'s Opp'n at 9. Nor is the court persuaded by his argument that the EEO process is "long [and]

drawn-out." *See* Rann Dep. at 68–74. The D.C. Circuit has rejected administrative remedy frustration as grounds for a finding of administrative futility. *See Cox v. Jenkins*, 878 F.2d 414, 419–20 (D.C.Cir. 1989) (holding that "plaintiffs' frustrations with the administrative process," while understandable, did not justify failing to exhaust their administrative remedies).

Because discovery has indicated that the plaintiff knowingly and deliberately failed to comply with the EEO's formal complaint procedures, and because the plaintiff has failed to meet the heavy burden of establishing a futility exception, the plaintiff has failed to exhaust his administrative procedures fully before filing suit. Consequently, the court lacks subject-matter jurisdiction over this case and grants the defendant's motion to dismiss.

## D. The Plaintiff's Additional Motions

The plaintiff seeks to appeal the decisions of Magistrate Judge Deborah Robinson, which upheld the attorney-client privilege for conversations conducted before and during the depositions of Mr. Wandner and Mr. Messenger, respectively. Because the court lacks subject-matter jurisdiction over this case, the court denies these discovery-related motions as moot. For the same reasons, the court need not address the plaintiff's motion for leave to strike Audrey Smith's Declaration.

Finally, the plaintiff now moves the court for leave to file a surreply brief since he contends that the defendant's reply brief raises new arguments. Even assuming *arguendo* that the defendant's reply brief did raise new arguments, the arguments that the plaintiff points to in his motion for leave to file a surreply all relate to the actual merits of the case. Since the court lacks subject-matter jurisdiction to hear the case, the court denies this motion as moot.

## IV. CONCLUSION

For all these reasons, the court grants the defendant's motion to dismiss. An Order directing the parties in a fashion consistent with this Memorandum Opinion is separately and contemporaneously issued this 20 day of August, 2001.

## ORDER

### GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

For the reasons stated in the court's Memorandum Opinion issued separately and contemporaneously this 20 day of August, 2001, it is

**ORDERED** that the defendant's motion to dismiss or, in the alternative, for summary judgment shall be and hereby is **GRANTED**; and it is

**FURTHER ORDERED** that all other motions are hereby **DENIED as moot.**

**SO ORDERED.**