**Robert RANN, Plaintiff,**

**v.**

**Elaine CHAO, Secretary, U.S. Department of Labor, Defendant.**

**No. 99–2349(RMU).**

United States District Court, District of Columbia.

May 6, 2002.

John F. Karl, Jr., McDonald & Karl, Washington, D.C., Counsel for the Plaintiff.

G. Michael Harvey, Assistant United States Attorney, Washington, D.C., Counsel for the Defendant.

## MEMORANDUM OPINION

### DENYING THE PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT

URBINA, District Judge.

## I. INTRODUCTION

This matter comes before the court on the plaintiff's motion to alter or amend the

court's August 20, 2001 Memorandum Opinion ("Memorandum Opinion") granting the defendant's motion to dismiss.[1] *Rann v. Chao,* 154 F.Supp.2d 61 (D.D.C. 2001). Robert Rann ("the plaintiff" or "Mr. Rann") brings this suit for damages under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.,* claiming that his employer, the U.S. Department of Labor ("the DOL"), discriminated against him on the basis of his age. Specifically, the plaintiff alleges that his employer denied him a promotion because of his age and gave the promotion instead to a 38-year-old employee. Compl. ¶ 22. The defendant, Elaine Chao, is the Secretary of Labor ("the defendant"), named in her official capacity.

On September 4, 2001, the plaintiff filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). For the reasons that follow, the court holds that the plaintiff has not raised any grounds that would justify granting his motion and thus denies the plaintiff's motion to alter or amend the judgment.

## II.  BACKGROUND

As a GS–13 Manpower Analyst in the DOL's Employment and Training Administration, Mr. Rann has worked for the DOL since 1970. Compl. ¶ 5. In November 1997, the DOL advertised a GS–14 Manpower Analyst position, and Mr. Rann submitted an application. *Id.* ¶¶ 15–16. He interviewed for the position and the DOL subsequently notified him that it had not selected him in a letter Mr. Rann received on March 16, 1998. Compl. ¶¶ 20–21, 27; Mot. for Summ. J. at 2. At the time, Mr. Rann was 64 years old.[2]

Compl. ¶ 5. The selectee was 38 years old. *Id.* ¶ 22.

Believing that he was the best qualified applicant interviewed for the GS–14 position, Mr. Rann wrote to the selecting official, Stephen Wandner, and asked for an explanation as to why he had not been selected. Compl. ¶ 23. Mr. Wandner responded that Mr. Rann had not interviewed as well as the selectee. *Id.* Mr. Rann filed an informal complaint of age discrimination with the DOL's Civil Rights Center on April 23, 1998. Mot. for Summ. J. at 3. He was assigned an EEO counselor in May 1998 and participated in an informal mediation process. Compl. ¶ 25. Because this informal counseling and mediation failed to resolve his situation, Mr. Rann filed a formal complaint of age discrimination in September 1998. *Id.* ¶ 26.

The DOL's Civil Rights Center accepted this formal complaint for investigation in October 1998. Over the next six months, the EEO office sent Mr. Rann multiple requests for an affidavit, which is an initial step in the formal investigation. Mr. Rann never provided the EEO investigator with this information. Mot. for Summ. J. at 4–6; Pl.'s Opp'n at 10–12. On June 7, 1999, the DOL's Civil Rights Office dismissed Mr. Rann's complaint for failure to prosecute. Pl.'s Opp'n at 12. Three months later, Mr. Rann filed a complaint in this court.

In January 2000, the defendant moved to dismiss the complaint on the ground that the plaintiff had failed to exhaust his administrative remedies. This court denied that motion, allowing the plaintiff to

---

**1.** The plaintiff calls his motion "Plaintiff's Rule 59 Motion for Reconsideration." Pl.'s Mot. for Recons. at 1. Because the Federal Rules of Civil Procedure do not contain anything known as a "Motion for Reconsideration," the court will treat the plaintiff's motion as a motion to alter or amend the

judgment as per Federal Rule of Civil Procedure 59(e) since he filed it within 10 days of entry of the court's Memorandum Opinion. FED. R. CIV P. 59(e).

**2.** When he filed this lawsuit, Mr. Rann was 66 years old. Compl. ¶ 5.

seek relevant discovery in response to the defendant's non-cooperation allegation. Dkt. No. 99cv2349, Mem. Op. dated July 26, 2000. On August 20, 2001, the court granted the defendant's motion to dismiss, concluding that because the plaintiff failed to exhaust his administrative remedies, the court lacked subject-matter jurisdiction over the case pursuant to Federal Rule of Civil Procedure 12(b)(1). *Rann,* 154 F.Supp.2d at 65–66.

On September 4, 2001, the plaintiff filed a motion to alter or amend the judgment, arguing that the parties never addressed the statute-of-limitations issue in their pleadings and that the court erred in its analysis. Pl.'s Mot. for Recons. at 1. In addition, the plaintiff argues that under the Equal Employment Opportunity Commission's ("the EEOC" or "the Commission") own rules and regulations, the EEOC lacks the jurisdiction to dismiss claims for failure to prosecute. *Id.* Therefore, the plaintiff contends that because the court must follow the EEOC's interpretations of its own regulations, the court does have jurisdiction to hear the case. *Id.*

## III. ANALYSIS

### A. Legal Standard for Amendment of Judgment Pursuant to Rule 59(e)

■■■■■ Federal Rule of Civil Procedure 59(e) motions to alter or amend a judgment must be filed within 10 days of the entry of the judgment at issue.[3] FED. R. CIV. P. 59(e); *W.C. & A.N. Miller Cos. v. United States,* 173 F.R.D. 1, 3 (D.D.C.

1997) (citing *Derrington–Bey,* 39 F.3d at 1226). While the court has considerable discretion in ruling on a Rule 59(e) motion, the reconsideration and amendment of a previous order is an extraordinary measure. *Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C.Cir.1996) (*per curiam*) (internal citations omitted). Rule 59(e) motions "need not be granted unless the district court finds that there is an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Id.* Finally, "[a] Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled," *New York v. United States,* 880 F.Supp. 37, 38 (D.D.C.1995), nor is it a vehicle for presenting theories or arguments that could have been advanced earlier. *W.C. & A.N. Miller Cos.,* 173 F.R.D. at 3.

### B. ADEA Procedural Overview

The Age Discrimination in Employment Act ("ADEA") is designed to prevent arbitrary age discrimination in employment. 29 U.S.C. § 621 *et seq.* The ADEA gives a person who is at least 40 years old the right to seek relief if she has been evaluated by age rather than by ability. 29 U.S.C. § 631. Under the ADEA, a plaintiff who works for the federal government may bring an age-discrimination claim to federal court by either of two routes. 29 U.S.C. § 633a; *Equal Employment Opportunity Comm'n v. Wyoming,* 460 U.S. 226, 233 n. 5, 103 S.Ct. 1054, 75 L.Ed.2d 18

---

**3.** For a Rule 59(e) motion to be timely, the movant must file the motion within 10 business days after the court's judgment is entered into the court's civil docket. FED. R. CIV. P. 6(a); *Derrington–Bey v. District of Columbia Dep't of Corrections,* 39 F.3d 1224, 1224–26 (D.C.Cir.1994). The D.C. Circuit has clarified that for Rule 59(e) motions, three days are not added to the time requirement when service is by mail, and district courts do not

have the discretion to enlarge the 10–day period. *Derrington–Bey,* 39 F.3d at 1225; FED R. CIV. P. 6(e) and 6(b). "The period is to be kept short presumably because a timely Rule 59(e) motion deprives the judgment of finality." *Derrington–Bey,* 39 F.3d at 1225. In addition, when a party files a timely Rule 59(e) motion, the time for appeal runs from the entry of the order that disposes of the motion. *Id.* at 1226.

(1983), *modified on other grounds by* 29 U.S.C. § 623(i), as amended, 29 U.S.C. § 623(j). First, such a plaintiff may bring the claim directly to federal court if she provides at least 30 days notice to the EEOC of her intent to sue before commencing the suit *and* she files this notice within 180 days from the date of the alleged discriminatory conduct. 29 U.S.C. § 633a(d). Alternatively, the plaintiff may elect to pursue administrative remedies and, if the plaintiff is dissatisfied with the result of the administrative proceedings, the plaintiff may file suit in federal court once she has fully exhausted her administrative remedies. 29 U.S.C. § 633a(b); *Stevens v. Dep't of Treasury,* 500 U.S. 1, 5–6, 111 S.Ct. 1562, 114 L.Ed.2d 1 (1991) (describing the two routes by which a federal employee may bring an ADEA claim to federal court).

### C. The Court's Use of 29 U.S.C. § 633a(d)

■ As a preliminary matter, both parties point the court to its July 26, 2000 ruling regarding 29 U.S.C. § 633a(d). Pl.'s Reply at 2; Def.'s Opp'n at 8–9. In its July 26, 2000 Memorandum Opinion, the court ruled that the plaintiff could not proceed to federal court under the non-administrative route described in Section III.B. *supra* because the plaintiff filed his complaint with the court "considerably beyond the 180–day limit." Dkt. No. 99cv2349, Mem. Op. dated July 26, 2000. The court acknowledges that this statement was incorrect. Looking directly at the language of the statute to clarify the issue, the court notes that 29 U.S.C. § 633a(d) states that:

> no civil action may be commenced by any individual under this section until the individual has given the Commission not less than thirty days' notice of an intent to file such action. Such notice shall be filed within one hundred and eighty days after the alleged unlawful practice occurred.

29 U.S.C. § 633a(d). This section of the statute places no statute of limitations on the filing of a complaint in federal court. *Id.* Rather, the statute simply requires the plaintiff to give the EEOC 30–days notice before filing a complaint in federal court and to file this *notice* (not the complaint) within 180 days from the date the alleged unlawful practice occurred. *Id.; Proud v. United States,* 872 F.2d 1066, 1067 (D.C.Cir.1989). This specific statutory provision does not address, or in any way limit, the time period the plaintiff has to properly file a complaint in federal court. 29 U.S.C. § 633a(d). In sum, the court acknowledges that it misstated the statute's provisions in its July 26, 2000 Memorandum Opinion. Accordingly, the court clarifies that it reverses its earlier ruling to the extent that the earlier ruling stated that the plaintiff cannot bring his claim to federal court because he failed to file his complaint in this court within 180 days of the alleged discriminatory conduct. Dkt. No. 99cv2349, Mem. Op. dated July 26, 2000 at 4.

### D. The Plaintiff Cannot Proceed to Federal Court Under 29 U.S.C. § 633a(d)

■ Nevertheless, this error does not affect the outcome of the August 20, 2001 Memorandum Opinion. Accordingly, this was a harmless error. *Barth v. Gelb,* 2 F.3d 1180, 1188 (D.C.Cir.1993); *Williams v. United States Elevator Corp.,* 920 F.2d 1019, 1022–23 (D.C.Cir.1990).

The result does not change because the plaintiff still did not satisfy the first of the two paths to federal court, the non-administrative route. 29 U.S.C. § 633a(d). As the defendant correctly points out, the plaintiff failed to comply with the notice requirements of 29 U.S.C. § 633a(d) since

he never filed the required notice with the EEOC of his intent to sue within the 180–day period after the alleged discriminatory action occurred. Def.'s Opp'n at 8–12. The plaintiff counters that by submitting his EEO complaint to the DOL's EEO office, he satisfied 29 U.S.C. § 633a(d)'s requirement that he give the EEOC notice of his intent to sue. Pl.'s Reply at 7–9; Def.'s Opp'n at 9–12.

The defendant responds by declaring that the precedent within this circuit favors its position that such notice to the agency does not constitute notice to the EEOC. Def.'s Opp'n at 9–12. While the D.C. Circuit has not spoken directly on the issue, other members of the United States District Court for the District of Columbia court have addressed this point. *Hinton v. Solomon,* 475 F.Supp. 105, 108 (D.D.C. 1979) (Green, J.); *Carter v. Marshall,* 457 F.Supp. 38, 41–42 (D.D.C.1978) (Flannery, J.). In *Hinton,* the court made clear that the purpose of Section 633a(d)'s requirement of providing notice to the EEOC is to permit the EEOC to contact the prospective defendants and take action to eliminate unlawful practices. *Hinton,* 475 F.Supp. at 108 (citing 29 U.S.C. § 633a(d)). "Although the filing of an administrative complaint would provide notice to prospective defendants, it would neither make the Commission aware of the alleged discrimination problem nor give the Commission the opportunity to exercise its directive to resolve the matter short of a judicial proceeding." *Id.*

The plaintiff rightly rebuts that courts have split on this issue. *Compare Ivey v. Rice,* 759 F.Supp. 394, 403 (S.D.Ohio 1991) (requiring the plaintiff to file a notice of intent to sue with the EEOC, not with the plaintiff's agency, to satisfy 29 U.S.C. § 633a(d)), *Hinton,* 475 F.Supp. at 108 (same), *and Carter,* 457 F.Supp. at 41–42 (same), *with Bohac v. West,* 85 F.3d 306, 309–10 (7th Cir.1996), *McIntosh v. Wein-*

*berger,* 810 F.2d 1411, 1425 n. 6 (8th Cir. 1987) (holding that the filing of a formal complaint with the employee's agency constitutes filing a complaint with the EEOC), *vacated on other grounds sub nom. Turner v. McIntosh,* 487 U.S. 1212, 108 S.Ct. 2861, 101 L.Ed.2d 898 (1988), *Ray v. Nimmo,* 704 F.2d 1480, 1484 (11th Cir.1983) (same), *and Purtill v. Harris,* 658 F.2d 134, 138 (3d Cir.1981) (same). Neither the Supreme Court nor the D.C. Circuit has yet to address this issue. In addition, the court notes that precedent from the sister district courts within this district and from other circuits is persuasive, not binding. In sum, the court has no precedent that it must follow on this issue. Having said that, the court agrees with the defendant's interpretation of 29 U.S.C. § 633a(d), as articulated by precedent from this district. *Hinton,* 475 F.Supp. at 108; *Carter,* 457 F.Supp. at 41–42.

First, the *Hinton* logic is persuasive in that a plaintiff's filing of a notice only to the prospective defendants in the agency, but not to the EEOC, would not "make the Commission aware of the alleged discrimination problem nor give the Commission the opportunity to exercise its directive to resolve the matter short of a judicial proceeding." *Hinton,* 475 F.Supp. at 108. The government is a large employer. Simply providing notice to an official within the DOL, or, for example, the Department of Transportation, the Department of Health and Human Services, or the Department of Defense, does not necessarily ensure that an official within the EEOC will receive notice of a plaintiff's intent to sue. In addition, while the D.C. Circuit has not directly addressed the issue of whether giving notice to an agency rather than the EEOC satisfies Section 633a(d)'s requirements, it has declared that Section 633a(d) "prohibits a person who has not filed an administrative complaint concerning age discrimination from bringing suit

until the person has given *the EEOC* notice of his intent to sue." *Proud,* 872 F.2d at 1067 (emphasis added). The best reading of this statement by the D.C. Circuit is that a plaintiff must give notice to the EEOC itself. *Id.*

Second, the EEOC's own regulation explicitly states that a plaintiff's ADEA notice of intent to sue "must be filed in writing with EEOC, at P.O. Box 19848, Washington, DC 20036, or by personal delivery or facsimile within 180 days of the occurrence of the alleged unlawful practice." 29 C.F.R. § 1614.201(a) (1999). Because it lists no other option for giving notice, the EEOC regulation serves as another point in favor of an interpretation that the plaintiff must provide notice to the EEOC itself.

■ Third, the plain language used by Congress in 29 U.S.C. § 633a(d) specifically states that the plaintiff must give *"the Commission* not less than thirty days' notice of an intent to file such action." 29 U.S.C. § 633a(d) (emphasis added). Accordingly, for the plaintiff's argument to succeed, the court would have to insert the words "or any prospective defendants" into the statute after the words "the Commission." *Id.* Congress deliberately chose not to insert this additional language. It is a well-established principle that when interpreting a statute, a court should "absent a clear indication to the contrary, . . . read the statute so that no word, clause, sentence, or phrase is rendered surplusage, superfluous, meaningless or nugatory." Norman J. Singer, Sutherland Stat. Constr. § 46.03.

Fourth, the additional language of 29 U.S.C. § 633a(d) further supports the defendant's position. The last sentence of the section reads: "Upon receiving a notice of intent to sue, the Commission shall promptly notify all persons named therein as prospective defendants in the action and take any appropriate action to assure the elimination of any unlawful practice." 29 U.S.C. § 633a(d). The fact that Congress envisions a system whereby the Commission shall notify the "prospective defendants" that the Commission has received a plaintiff's notice of intent to sue strongly suggests that Congress specifically intended that the plaintiff give proper notice to the Commission. This sentence of the section renders the plaintiff's interpretation unworkable. After all, under the plaintiff's interpretation, if the plaintiff provides notice to the prospective defendants *alone,* a court should deem such notice sufficient under 29 U.S.C. § 633a(d). But how could the Commission "notify all persons named therein as prospective defendants" if the Commission itself has never received notice? Framing the question in this manner serves to totally undermine the plaintiff's position.

For all these reasons, the court holds that the plaintiff's notice to the DOL of his intent to sue does not satisfy Section 633a(d)'s notice requirements since the plaintiff failed to notify the Commission of his intent to sue.[4] Accordingly, the plaintiff cannot proceed to federal court via the non-administrative course of action contemplated by 29 U.S.C. § 633a(d).

■ One final point on this subject merits attention. The court also agrees with

4. Even assuming *arguendo* that the plaintiff's filing of the formal administrative complaint with the DOL constituted valid notification under 29 U.S.C. § 633a(d), the defendant properly observes that the plaintiff's formal administrative complaint never mentioned that the plaintiff intended to file suit in federal court. Def.'s Opp'n at 11–12 (citing Def.'s Mot. for Summ. J. Ex. 1). Accordingly, even under the most favorable possible interpretation of the statute for the plaintiff, he never gave notice to any governmental office that he intended to file suit in federal court.

the defendant's contention that even if the plaintiff's filing of the formal administrative complaint with the DOL constituted proper notice under 29 U.S.C. § 633a(d), the plaintiff still did not file within the required 180 days of the allegedly discriminatory action. 29 U.S.C. § 633a(d). As the court has already noted, the plaintiff learned of his non-selection on March 16, 1998. *Rann,* 154 F.Supp.2d at 63. Accordingly, since the plaintiff did not file his formal administrative complaint with the DOL until September 15, 1998, or 183 days thereafter, the plaintiff would not have given timely notice under the statute. 29 U.S.C. § 633a(d).

The court does not accept the plaintiff's sudden recollection—stated for the first time in his Rule 59(e) motion to alter or amend the judgment—that he learned of his non-selection *only* on March 25, 1998. Pl.'s Mot. at 4–5. Indeed, the court raises its eyebrows at this transparent attempt by the plaintiff to save his case. After all, the court and the defendant first learned of the date that the plaintiff had received notice of his non-selection from *the plaintiff's own complaint.* Compl. ¶¶ 21, 27. As the complaint alleged:

> On March 16, 1998, Mr. Rann received a letter from Mr. Wandner, informing him that he was not selected for the ETA 97–081, Manpower Analyst GS–14 position for which he had applied.

*Id.* ¶ 21. In another paragraph, the complaint claimed that:

> The time for Mr. Rann to file an informal complaint of discrimination with respect to the discrimination on the basis of age did not begin to run until March 16, 1998, when Mr. Rann first learned that the applicant who was appointed to the vacant GS–14 position was only 38 years of age and was less experienced and qualified.

*Id.* ¶ 27. The plaintiff's new argument that he was only "informally advised" of his non-selection on March 20, 1998 and that the 180–day clock should not start running until March 26, 1998, when he supposedly received the letter, smacks of a last-gasp attempt to prop up an anemic argument. Pl.'s Mot. at 2–5.

Furthermore, the plaintiff never offers an explanation for this dramatic *deus ex machina* that only appears for the first time in the plaintiff's post-judgment motion to alter or amend the judgment. The court points out that well-settled case law dictates that a party is generally bound by the facts it alleges in its pleadings. *E.g., Schott Motorcycle Supply, Inc. v. American Honda Motor Co.,* 976 F.2d 58, 60–61 (1st Cir.1992). In this case, then, the plaintiff's assertion in his complaint that he received the letter informing him of his non-selection on March 16, 1998 binds him to that fact. Compl. ¶¶ 21, 27. Accordingly, even under this approach, the plaintiff would not have timely filed his notice of his intent to sue within the 180 days required by 29 U.S.C. § 633a(d).

**E. The Plaintiff Has Not Given the Court Any Sound Reason to Alter or Amend its Ruling that the Plaintiff Failed to Exhaust His Administrative Remedies Under 29 U.S.C. § 633a(b)**

As discussed earlier, a federal-employee plaintiff has a second avenue to federal court. Namely, she can pursue her administrative remedies and, if she is dissatisfied with the result of the administrative proceedings, she may file suit in federal court once she has fully exhausted her administrative remedies. 29 U.S.C. § 633a(b); *Stevens,* 500 U.S. at 5–6, 111 S.Ct. 1562.

The main thrust of the court's August 20, 2001 Memorandum Opinion was that the plaintiff failed to exhaust his administrative remedies because he could not meet the burden established by his futility argument. *Rann,* 154 F.Supp.2d at 65–66;

*Callicotte v. Carlucci,* 698 F.Supp. 944, 948 (D.D.C.1988) (stating that "[t]his exception, as its name indicates, applies 'where "following the administrative remedy would be futile *because of certainty of an adverse decision."* ' "); *Bachman v. Collier,* 73 F.R.D. 300, 303 (D.D.C.1976) (reasoning that "[t]his Court would not require exhaustion if it concluded that said exhaustion would be no more than a futile act.").

## 1. The Court Denies the Plaintiff's Rule 59(e) Motion

The plaintiff filed his motion within the 10-day period set for Rule 59(e) motions. FED. R. CIV. P. 59(e). As such, the court will treat the motion as a Rule 59(e) motion to alter or amend the judgment. *United States v. Emmons,* 107 F.3d 762, 764 (10th Cir.1997) (applying filing-date-determinative rule); *Small v. Hunt,* 98 F.3d 789, 797 (4th Cir.1996) (treating filing as Rule 59(e) motion when it was not filed later than 10 days after judgment was entered).

In this case, however, the plaintiff has failed to set forth adequate grounds for relief under Rule 59(e). FED. R. CIV. P. 59(e). First, the plaintiff does not point the court to any intervening change in law that would warrant the court's amendment of this portion of its August 20, 2001 Memorandum Opinion. *Firestone,* 76 F.3d at 1208; Pl.'s Mot. for Recons. at 2–9. Second, the plaintiff fails to present any new or previously unavailable evidence that would cause the court to alter its conclusions. *Id.* Third, the plaintiff does not demonstrate any need "to correct a clear error or prevent manifest injustice."[5] *Firestone,* 76 F.3d at 1208.

In his motion to alter or amend the judgment pertaining to Section 633a(b), the plaintiff merely raises arguments that the court has already considered and rejected in its August 20, 2001 Memorandum Opinion. *Rann,* 154 F.Supp.2d at 65–66; *New York v. United States,* 880 F.Supp. at 38 (ruling that "[a] Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled"). The plaintiff's disagreement with the court's analysis and conclusions does not satisfy any of Rule 59(e)'s criteria for altering or amending the court's judgment. *New York,* 880 F.Supp. at 39. "Only if the moving party presents new facts or a clear error of law which 'compel' a change in the court's rulings will the motion to reconsider be granted." *Id.* (quotations omitted). The plaintiff has not met the burden imposed by Rule 59(e). Accordingly, the court denies the plaintiff's motion in its entirety.

## IV. CONCLUSION

For all these reasons, the court denies the plaintiff's motion to alter or amend the judgment. An order directing the parties in a fashion consistent with this Memorandum Opinion is separately and contemporaneously issued this 6th day of May, 2002.

## *ORDER*

### DENYING THE PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT

For the reasons set forth in the court's Memorandum Opinion issued separately and contemporaneously this 6th day of May, 2002, it is

5. While the court has already acknowledged the harmless error it made in its July 26, 2000 Memorandum Opinion, this error only related to one of the two approaches an ADEA plaintiff may take to bring a case to federal court, i.e., the non-administrative route contemplated by 29 U.S.C. § 633a(d). The error in no way affects the court's analysis in its August 20, 2001 Memorandum Opinion pertaining to the course of action in which a plaintiff must exhaust her administrative remedies before filing suit in federal court, as contemplated in 29 U.S.C. § 633a(b).

**ORDERED** that the plaintiff's motion to alter or amend the judgment is **DENIED.**

**SO ORDERED.**